## FORDYCE *v.* DEMPSEY.

Opinion delivered October 8, 1904.

1. CARRIER—RIGHT TO SUE FOR CONVERSION OF FREIGHT.—Where freight is delivered at its destination without the consignee's consent, the carrier will be compelled to make good the loss, and after doing so may recover its value from the parties liable for its conversion. (Page 473.)

2. SAME—ESTOPPEL.—Where a firm of brokers, without authority, took possession of a carload of freight consigned to the vendors, and delivered it to defendants, who had contracted to purchase it, the carrier, after refunding the value of the freight to the vendors, is not estopped to recover the amount thereof from the defendants by reason of the fact that defendants had been accustomed to receive freight through such brokers, who had delivered it to them in the same way without complaint on the part of the carrier. (Page 473.)

Appeal from Columbia Circuit Court.

CHAS. W. SMITH, Judge.

Reversed.

STATEMENT BY THE COURT.

Dempsey & Beasley were in April, 1889, operating a sawmill at a place on the St. Louis, Arkansas & Texas Railway, known as Warren's or Dempsey's switch. They ordered a carload of corn through Curley, Rowley & Co., a firm of grain brokers at Texarkana, who in turn ordered it from Hunter & Co., of La Forge, Missouri. Hunter & Co. shipped the corn to Dempsey over the above-named road, which was at that time in the hands of Fordyce and Swanson, receivers. The corn was not consigned to Curley, Rowley & Co., but was consigned by Hunter & Co. to themselves, and a bill of lading was given by the receivers, naming Hunter

& Co. as consignees. Some days after the corn had been placed on the switch at Dempsey, a member of the firm of Curley, Rowley & Co. came there, opened the car, and delivered the corn to Dempsey & Beasley, who paid them in full for the same. This, so far as the evidence shows, was done without the consent of the company or the consignees. Afterwards the bill of lading, with a draft for the price of the corn due by Curley, Rowley & Co. to Hunter & Co., was duly presented to Curley, Rowley & Co., who refused to pay the same. Afterwards, it being ascertained that the corn had been used by Dempsey & Beasley, the receivers paid Hunter & Co. for the corn, and brought this action against Dempsey & Beasley to recover the value of the corn which they had taken and converted to their own use.

On the trial the court, among other instructions, gave to the jury the following instruction at the request of the defendants, towit:

"The court instructs the jury that if they believe from the evidence that the plaintiffs, as a custom, allowed parties to deliver freight to Dempsey & Beasley without the bill of lading, and they knew of such delivery, or of facts sufficient to put them on notice, and that they consented to Curley, Rowley & Co. collecting for the car in controversy, or permitted same knowingly, then your verdict will be for the defendants."

There was a verdict for defendants, from which plaintiffs appealed.

*Sam H. West,* and *Gaughan & Sifford,* for appellants.

The court erred in giving the first and second instructions asked by appellees. Bills of lading are, by the statute, made negotiable and evidence of title to the goods shipped. Sand. & H. Dig. § 509. The existence of a usage is a question of law for the court. 27 Am. & Eng. Enc. Law, 741.

RIDDICK, J. (after stating the facts). This is an action to recover the value of corn which was shipped by Hunter & Co. from La Forge to Dempsey's switch over a railway which was being operated by receivers. The corn was consigned to Hunter & Co., but after it reached Dempsey was turned over to Dempsey & Beasley by Curley, Rowley & Co., of Texarkana, who took possession of it without right, for the corn was not consigned

to them, and they had not paid for it, and had no right to take charge of it, or to authorize anyone else to do so. As the corn had been delivered without the consent of the consignees, Hunter & Co., the receivers of the railway company were compelled to make good the loss, and paid the consignees therefor in full, and now claim in this action the right to recover the value of the corn from Dempsey & Beasley, who converted it to their own use. There can be no question that this contention is sound, and must be sustained, unless the receivers are estopped by their conduct from sustaining an action for the value of the corn against the defendants. To sustain their claim of an estoppel, the defendants proved that for a year or two they had been buying corn through Curley, Rowley & Co., who had delivered it to them in the same way without complaint on the part of the plaintiffs or anyone else. But there is no evidence to show that there was any irregularity in the delivery of the cars which Curley, Rowley & Co. had previously delivered to the defendants, and concerning which there had been no complaint. So far as the evidence shows, those cars may have been consigned to them, or, if not consigned to them, they may have paid for the corn and delivered the bill of lading for the same to the receivers or company before they turned over the corn to defendants. This evidence falls far short of showing facts sufficient to make out an estoppel, and we think the instruction given by the court on that point at request of defendants was abstract and misleading. The undisputed evidence makes out a clear case in favor of plaintiffs for the value of the corn. The defendants themselves testified that the value of the corn was $232.50, and they received it on the 3d day of May, 1889. We are of the opinion that the plaintiffs are entitled to recover the value named with interest from date the corn was taken by defendants. The clerk will make the computation, and enter judgment accordingly.