Shirley D. KING, a/k/a Shirley Dianne
THOMPSON and Shirley Dianne WALTERS
*v.* STATE of Arkansas

CR 80-170                                    609 S.W. 2d 32
Supreme Court of Arkansas
Opinion delivered December 15, 1980

418

*E. Alvin Schay*, State Appellate Defender, by: *Jack Kearney*, Deputy State Appellate Defender, for appellant.

*Steve Clark*, Atty. Gen., by: *Arnold M. Jochums*, Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Upon a charge of theft of property having a value of more than $100 and of being an habitual criminal, the appellant was tried without a jury, found guilty, and sentenced to 10 years' imprisonment. For reversal it is argued that the State failed to prove all the elements of the alleged theft and that proof of prior convictions should not have been mentioned before there was a finding of guilt or innocence. We find no merit in either contention.

For the State, employees of the J. C. Penney Company, a chain department store, testified that the appellant and two other women were observed together in a Penney store in North Little Rock. They first stood in the lingerie department, with their backs to the employee who spotted their activities, and stuffed merchandise under their clothing. They went together successively to three other departments, taking merchandise in the same manner. They then left the store without paying for anything. When they were apprehended

by the store's security guard in their car in the store's parking lot, two of the women were taking merchandise from their clothing and throwing it into the back seat, where the third woman was putting it into a garbage bag. Fifteen articles were recovered and introduced in evidence. They all had J. C. Penney price marks and had a total value of $236.48. The defense offered no testimony.

Even though the store employees could not say which of the three women took any particular article of merchandise, the proof is amply sufficient to support the trial judge's specific finding that the three women acted in concert. Such a concert of action to commit an unlawful act may be shown by circumstantial evidence, without direct proof of a conspiracy by prior agreement. *Caton and Headley* v. *State*, 252 Ark. 420, 479 S.W. 2d 537 (1972); *Griffin* v. *State*, 248 Ark. 1223, 455 S.W. 2d 882 (1970). Hence under the Criminal Code the appellant could properly be found guilty not only by her own conduct but also by that of the other two women, her accomplices. Ark. Stat. Ann. §§ 41-301, -302, and -303 (Repl. 1977). The proof therefore supports the conclusion that the appellant was guilty of taking all the articles, that they had a total value of more than $100, and that they came from the Penney store in question.

As to the second point, when both sides had rested the prosecutor stated that he had "some proof" of prior convictions. In response to an objection (which the court overruled) that it was prejudicial to refer to prior convictions before the court had passed judgment, the prosecutor conceded that perhaps the defense was right and asked the court to make a ruling. The court then found the appellant guilty, after which the State introduced proof of prior convictions for forgery and uttering.

No error occurred. The case is unlike *Hickey* v. *State*, 263 Ark. 809, 569 S.W. 2d 64 (1978), where the case was also tried without a jury. There, however, the State proved in its case in chief that the defendant had been convicted of burglary and was on parole when he committed the offense on trial. An objection and a request for a mistrial were overruled. Since it could not be said that the trial judge had

not considered that evidence in finding the defendant guilty, we ordered a new trial under the doctrine of *Alford* v. *State*, 223 Ark. 330, 266 S.W. 2d 804 (1954). In the case at bar the prosecutor should not have mentioned prior convictions before the judge made his finding, but even so, no actual proof was supplied before the finding of guilty was announced. For us to sustain the appellant's argument would mean in effect that no case including a charge of habitual criminality could be tried without a jury, for it must be assumed that the trial judge is aware of the habitual criminal charge when the trial begins.

Affirmed.

PURTLE, J., not participating.