Donnie L. LAIR *v.* STATE of Arkansas

CA CR 86-91                                                    718 S.W.2d 467

Court of Appeals of Arkansas
Division I
Opinion delivered November 5, 1986

*Thomas E. Brown*, for appellant.

*Steve Clark*, Att'y Gen., by: *William F. Knight*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with a violation of Ark. Stat. Ann. § 41-1602 (Supp. 1985). He was convicted of that charge after a jury trial but, upon the recommendation of the jury, the trial court imposed no sentence. From that conviction comes this appeal. For reversal, the appellant argues that his conviction was not supported by substantial evidence, and that the trial court erred in refusing to give the appellant's requested jury instruction on justification. We find the latter contention to be meritorious and we reverse.

■■ As required by the Arkansas Supreme Court's decision in *Harris v. State*, 284 Ark. 247, 681 S.W.2d 334 (1984), we first consider the appellant's contention that the evidence was insufficient to support his conviction. Reviewing the evidence in the light most favorable to the appellee, we will affirm the judgment if the verdict is supported by substantial evidence. *Biniores v. State*, 16 Ark. App. 275, 701 S.W.2d 385 (1985). To be substantial, the evidence must be of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must induce the mind to go beyond mere suspicion or conjecture. *Harris*, 284 Ark. at 252; *Jones v. State*, 11 Ark. App. 129, 668 S.W.2d 30 (1984).

The evidence reflects that on September 20, 1985, the appellant was an inmate in the isolation punitive wing of the Tucker Maximum Security Unit, Arkansas Department of Corrections. Officer Mark Carnes was employed at that facility as a guard. While Officer Carnes and another officer were transporting the appellant and two other inmates back to their cells from the day room, an altercation took place between the appellant and Officer Carnes. The appellant raised his hand and a loose handcuff struck Officer Carnes on the left side of his head.

■ Arkansas Statutes Annotated § 41-1602(1)(d)(iv) (Supp.1985) provides that a person commits battery in the second degree if he intentionally or knowingly without legal justification causes physical injury to one he knows to be an officer or employee of the State while such officer or employee is acting in the course

of his or her lawful duty. "Physical injury" is defined as the impairment of physical condition or the infliction of substantial pain. Ark. Stat. Ann. § 41-115(14) (Repl. 1977). As his first point for reversal, the appellant contends that there was insufficient evidence of physical impairment or substantial pain to support a conviction for battery in the second degree. We do not agree.

■■  At trial, Officer Carnes testified that, as a result of being struck with the loose handcuff, he received a laceration on the left side of his eye which required seven stitches, and that he still had a scar from this injury. A photograph of Officer Carnes, showing his injury, was introduced at trial and the following exchange took place:

> Q.  Does that [photograph] accurately depict the way you looked?
>
> A.  Well, that was after I had the stitches in me, Ma'am. I looked — I had a lot more blood. My eye was lot [sic] more swollen from when he hit me first. That was after I had my stitches put in.

In *Holmes* v. *State*, 15 Ark. App. 163, 690 S.W.2d 738 (1985), we held that the fact that the victim in that case did not verbally relate the extent of his pain was not controlling, and we stated that:

> In determining whether an injury inflicts substantial pain the trier of fact must consider all of the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted. The finder of fact is not required to set aside its common knowledge and may consider the evidence in the light of its observations and experiences in the affairs of life.

15 Ark. App. at 166. Viewing the testimony in the light most favorable to the appellee, the injury in the instant case was a bloody, swollen wound, in close proximity to the eye, which required seven stitches. The jury was permitted to consider the sensitivity of the area surrounding the eye in making its determination. Under these circumstances, we cannot say that there was insufficient evidence of substantial pain to support a conviction under Ark. Stat. Ann. § 41-1602(1)(d)(iv).

As his second point for reversal the appellant contends that the trial court erred in not allowing the appellant's proffered jury instruction on justification, AMCI 4104. Where the defendant has offered sufficient evidence to raise a question of fact concerning a defense, the instructions must fully and fairly declare the law applicable to that defense. *Hill* v. *State*, 253 Ark. 512, 487 S.W.2d 624 (1972). In the instant case there was testimony from which the jury could find that there had been previous problems between the appellant and Officer Carnes; that the appellant had in the past been harrassed by Officer Carnes; that Officer Carnes had provoked the altercation by using abusive language to describe the appellant and the appellant's family; and that the appellant struck Officer Carnes in self-defense only after Officer Carnes had himself pushed and struck the appellant. Without commenting on the weight of this evidence or the credibility of the witnesses, we hold it to be sufficient to raise a question of fact regarding the defense of justification. Since the acts with which the appellant was charged would be violative of Ark. Stat. Ann. § 41-1602 (1)(d)(iv) only if they were performed without legal justification, we cannot say that no prejudice resulted because of the trial court's refusal to give the requested instruction.

Reversed and remanded.

CLONINGER, J., and WRIGHT, Special Judge, agree.