Fred WILLIAMS *v.* STATE of Arkansas

CA CR 87-125 743 S.W.2d 402

Court of Appeals of Arkansas
Division I
Opinion delivered January 27, 1988

*William D. McArthur*, for appellant.

*Steve Clark*, Att'y Gen., by: *Frank J. Wills III*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant in this criminal case was charged with possession of marijuana, possession of methamphetamine, and public servant bribery. After a jury trial, he was convicted of those charges, sentenced to terms of imprisonment totalling six and one-half years in the Arkansas Department of Correction, and assessed fines amounting to $7,500.00. From those convictions, comes this appeal.

The appellant contends that the evidence was insufficient to support his conviction for possession of controlled substances, that the trial court erred in denying his motion to suppress evidence; in admitting into evidence bags of marijuana and methamphetamine; and in refusing to reduce the possession of methamphetamine charge to a misdemeanor.

Corporal John McCord of the Arkansas State Police testi-

fied at trial, and stated that he stopped a car the appellant was driving because the vehicle lacked a license plate. After he had been stopped, the appellant produced a driver's license which had been expired for several months. He also produced a Mississippi open title to the vehicle, and stated that he was considering purchasing the car and was test driving it. Corporal McCord stated that the appellant was reluctant to tell him from whom he had obtained the vehicle, but that he eventually informed the officer that he had obtained the car from Lyle Bitner of DeWitt, Arkansas. A NCIC check run by Corporal McCord indicated that the vehicle had not been reported stolen. He still suspected that the car might be stolen, however, and decided to arrest the appellant, who was taken into custody on an expired driver's license charge. A search of the appellant's person incident to the arrest revealed two plastic bags; at trial, there was evidence that the bags contained marijuana and methamphetamine. A plastic bag containing a large sum of money, found in the appellant's hip pocket, was also confiscated. Corporal McCord stated that the appellant then offered to let him keep all of the money if he would let the appellant get back in the car and drive away.

█ █ We find no merit in the appellant's contention that there was insufficient evidence to support his conviction for public servant bribery, an offense which is committed when a person offers, confers, or agrees to confer any benefit upon a public servant in exchange for any exercise of the public servant's discretion. Ark. Stat. Ann. § 41-2703 (Repl. 1977). In reviewing the sufficiency of the evidence to support a criminal conviction, we view the evidence in the light most favorable to the appellee and affirm the judgment if the verdict is supported by substantial evidence. *Lair* v. *State*, 19 Ark. App. 172, 718 S.W.2d 467 (1986). To be substantial, the evidence must be of sufficient force and character to compel a conclusion one way or the other with reasonable certainty; it must induce the mind to go beyond mere suspicion or conjecture. *Id*. In the case at bar, there was evidence that the appellant told Corporal McCord that he could have the money if he would let the appellant get in the car and drive away. Although the appellant denied having any intent to bribe the officer, we think that the jury could properly have concluded from Corporal McCord's testimony that the requisite intent was present. We therefore hold that the conviction for public servant

bribery was supported by substantial evidence and we affirm that conviction.

 With respect to his convictions for possession of marijuana and possession of methamphetamine, the appellant contends that the trial court erred in denying his motion to suppress the evidence. He argues that the only reason that he was taken into custody was that the arresting officer suspected that the car was stolen, that the custodial arrest on an expired driver's license charge was thus pretextual, and that the fruits of the search made incident to the pretextual arrest should thus have been excluded. We do not agree. Although no distinct rules for defining a pretextual arrest have been articulated, it is clear that pretext is a matter of the arresting officer's intent, which must be determined by the circumstances of the arrest. *Richardson* v. *State*, 288 Ark. 407, 706 S.W.2d 363 (1986). In *Richardson*, the Arkansas Supreme Court reversed the conviction of an appellant who, while under suspicion of murder and arson, was arrested for public intoxication. After Richardson was in custody, police officers seized his clothing and sent it to the crime laboratory, a search which would be justified in a murder investigation but unreasonable if the actual purpose of the arrest was merely public intoxication. *Id.*, 288 Ark. at 410-11. Facially valid searches may be disallowed where they are conducted incident to arrests that have been made solely as a pretext to conduct a search:

> In these cases, the search is the real purpose of the police and the arrest, usually on a minor offense or traffic violation, is merely a subterfuge to obtain the search authority ancillary to arrest.

*Richardson*, 288 Ark. at 411. Although there was evidence in the case at bar that Corporal McCord would not have arrested the appellant had he not suspected that the car was stolen, there is no indication that he believed that the appellant was in possession of contraband, or that the arrest was made in order to obtain the authority to search the appellant's person as an incident of the arrest. Moreover, it is a violation of Ark. Stat. Ann. § 75-307(a) (Repl. 1977) to operate a motor vehicle without a valid license, and a law enforcement officer may make a warrantless arrest when he has reasonable cause to believe that the person arrested has committed a violation of law in the arresting officer's

presence. In the absence of any indication that the arrest was a pretext for the subsequent search, we hold that the trial court did not err in denying the appellant's motion to suppress.

Next, the appellant argues that the trial court erred in admitting the bags of marijuana and methamphetamine into evidence. The record shows that the arresting officer described the items seized as one bag containing vegetable matter, and another bag containing a white powder and a red capsule. After the arrest, Corporal McCord placed this evidence in a safe in his home, and later transferred it to the State Crime Laboratory. At trial, the State did not call the laboratory employee who took possession of the evidence to testify, and offered into evidence one bag containing vegetable matter, and another containing white powder and a red, sticky substance. The appellant asserts that the presence of the red substance in place of the red capsule constitutes an alteration so dramatic that the State should have been required to prove a complete chain of custody. We do not agree. In cases where an objection to the introduction of evidence based on chain of custody is at issue, the question for the appellate court is whether the trial court abused its discretion in determining that in reasonable probability the integrity of the evidence was not impaired, and that it had not been tampered with. *Meador v. State*, 10 Ark. App. 325, 664 S.W.2d 878 (1980). In the case at bar, Corporal McCord stated that his initials appeared on the seals securing the bags, that he did not remove anything from the bags while they were in his possession, and that he took them to the laboratory where they were sealed with evidence tape. He also testified that the red capsule appeared to have melted during the time that the evidence was kept in his home safe. Under these circumstances, we think that the fact that the evidence was not in the officer's custody at all times goes to the weight of the evidence rather than its admissibility, and hold that the trial court did not abuse its discretion in admitting the bags into evidence. *See Meador, supra.*

Finally, the appellant contends that the trial court erroneously failed to reduce the possession of methamphetamine charge to a misdemeanor. Arkansas Statutes Annotated § 82-2617(c) (Supp. 1985) provides that possession of a controlled substance is, for first offenders, a Class A Misdemeanor, unless the controlled substance is listed under Schedule I or Schedule II,

in which case the offense constitutes a Class C Felony. The essence of the appellant's argument is that the State was required to present evidence that methamphetamine is a Schedule II substance. We do not agree. The trial court properly took judicial notice of the fact that methamphetamine is a Schedule II controlled substance, and it was unnecessary to introduce evidence of state health department regulations. *See Johnson* v. *State*, 6 Ark. App. 78, 638 S.W.2d 686 (1982).

Affirmed.

CRACRAFT and COULSON, JJ., agree.