Judy HOLBIRD *v.* STATE of Arkansas

CR 89-53                                    775 S.W.2d 893

Supreme Court of Arkansas
Opinion delivered September 11, 1989

552

*R. Paul Hughes III*, for appellant.

*Steve Clark*, Att'y Gen., by: *Tim Humphries*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Judy Holbird was convicted of the aggravated robbery of the Mug n Jug in Fort Smith on March 14, 1988. The appellant was also convicted of being a felon in possession of a firearm. The manager and another employee identified the appellant as the robber. The manager described how the robbery occurred, how the appellant was dressed and the gun she used. His testimony was corroborated by the appellant's confession. However, at trial she argued that she confessed because she thought her daughter had robbed the Mug n Jug and she wanted to protect her.

On appeal she argues the trial judge should have granted a mistrial for prosecutorial misconduct. "A mistrial is an exceptional remedy to be used only where any possible prejudice cannot be removed by an admonition to the jury." *McIntosh* v. *State*, 296 Ark. 167, 753 S.W.2d 273 (1988). The question here is whether the trial judge abused his discretion. *See Holbird* v. *State*, 299 Ark. 245, 771 S.W.2d 775 (1989). We find no abuse of discretion.

During closing arguments, the prosecuting attorney stated "a real professional" committed this robbery and that the evidence showed that the appellant was the real professional. The judge admonished the jury to base their decision only on the evidence and not statements made by the attorneys. We find no abuse of discretion.

The prosecutor tried to answer the question of the robber's identity — whether the mother or daughter committed the robbery — by asking the daughter, who was evidently in the audience, to stand. The prosecutor used very poor judgment, but we cannot say it should have resulted in a mistrial. The daughter had not been called as a witness. The record does not show the daughter actually stood, so we cannot say the judge's denial of a mistrial was in error. Prejudice is not presumed and the appellant has demonstrated none. *Berna* v. *State*, 282 Ark. 563, 670 S.W.2d 434 (1984).

Affirmed.