Bobby David STARLING *v.* STATE of Arkansas

CR 89-213                                                      786 S.W.2d 114

Supreme Court of Arkansas
Opinion delivered March 26, 1990

*George H. Stephens II*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. In this criminal appeal, the appellant challenges his conviction for first degree murder of his wife and second degree battery of his wife's friend, Georgia Estlinbaum.

He was convicted by a jury and received a life sentence for first degree murder plus six years on the battery charge. On appeal, he raises four points of error, none of which have merit.

The facts are basically uncontested. Appellant and his wife were experiencing marital problems, and on July 5, 1988, his wife and daughter, Christina, left the marital home. Appellant had a neighbor deliver a letter to his wife hoping she would either return home or meet with him to discuss their problems. She refused. On July 8, 1988, appellant confronted his wife in a local grocery store. After a heated conversation, appellant ran out of the store to his car, got a gun and shot his wife, who by this time was outside the store. He first shot her in the head, but after she was down, he shot her several times more, killing her. Appellant then turned to Georgia Estlinbaum, who was sitting in her car, and shot several times into her vehicle. Ms. Estlinbaum was wounded but not fatally.

Appellant first argues that the trial court erred in allowing Christina to testify concerning the physical nature of the arguments that took place in the marital home and the death threats made by appellant towards his wife prior to the shooting.

The state argues forcefully that the appellant failed to preserve his objections to Christina's testimony for appellate review. While we believe there may be considerable merit to the state's arguments, we need not burden this decision by sorting through the parties' lengthy discussion of the state's position on this point because Christina's testimony clearly was admissible under A.R.E. Rule 404(b).

The state was required to prove the appellant killed his wife with the premeditated and deliberate purpose of doing so. Ark. Code Ann. § 5-10-102(a)(2) (1987). Intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances surrounding the killing. *Parker* v. *State*, 290 Ark. 158, 717 S.W.2d 800 (1986). The proof of threats made by the defendant prior to the time a homicide occurred is admissible as showing motive. *Pitts* v. *State*, 273 Ark. 220, 617 S.W.2d 849 (1981); *see also Lang* v. *State*, 258 Ark. 504, 527 S.W.2d 900 (1975) (where threats, even though uncommunicated to the victim, were held admissible to show ill will and motive).

Here, Christina testified that prior to the shooting on July 8, 1988, the appellant had utilized physical force against his wife, and as recent as July 5, 1988, appellant not only threatened to kill the victim with a gun, he also beat her. Such evidence clearly tended to show appellant's motive, intent or plan to kill his wife. Because that evidence was admissible under Rule 404(b), appellant fails to show any abuse of the trial court's discretion on this point. *See Bennett* v. *State*, 297 Ark. 115, 759 S.W.2d 799 (1988).

Appellant's second point of error concerned a question the state posed to Christina about a prior guardianship proceeding involving her. The prosecutor asked Christina whether the appellant's counsel had tried to assist her in the proceeding. Appellant objected to the question, the trial court sustained it, and Christina never answered the question. Nonetheless, appellant moved to strike the question from the record, and the trial court refused the request. Appellant complains on appeal that the trial court erred in failing to strike the state's question. He offers no citation of authority to support his argument and in no way demonstrates how he was prejudiced by the trial court's ruling. The trial court agreed the state's question was irrelevant, and we fail to see how appellant was prejudiced by leaving the question in the record. Prejudice is not presumed, and the appellant has demonstrated none. *Holbird* v. *State*, 299 Ark. 551, 775 S.W.2d 893 (1989).

The third point concerns the trial court's denial of appellant's motion for directed verdict on the second degree battery charge. Appellant contends the state's evidence was insufficient to prove Ms. Estlinbaum sustained a serious physical injury. Although the state counters by saying the evidence strongly supports the verdict reached, it first argues that the appellant waived this issue below and therefore it is not preserved in this appeal. We agree.

In a jury trial, the defendant's failure to move for a directed verdict at the conclusion of evidence presented by the prosecution *and* at the close of the case constitutes a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict. A.R.Cr.P. Rule 36.21(b); *Houston* v. *State*, 298 Ark. 7, 771 S.W.2d 16 (1989). Here, while appellant moved for a

directed verdict on the battery charge at the close of the state's case, he failed to renew such motion at the close of his case.

Finally, appellant contends that the trial court erred in not allowing him to introduce evidence of the infidelity of his wife. Appellant argues such evidence would have shown he was acting under extreme emotional disturbance at the time he shot his wife and would have entitled him to a jury instruction on the lesser included offense of manslaughter. *See* Ark. Code Ann. § 5-10-104(a)(1) (1987). The problem with appellant's argument is that while he claims evidence existed reflecting that on prior occasions he had accused his wife of "running around," he never stated when these incidents of "running around" occurred, nor did he mention the name of any paramour.

In sum, appellant failed to explain to the trial court how his evidence, reflecting he had accused his wife of adultery, would show he killed her when he was under the influence of extreme emotional disturbance for which there was reasonable cause—the elements which would entitle him to be convicted of manslaughter under § 5-10-104(a)(1) rather than first degree murder. Because the appellant failed to show the relevancy of the evidence he proposed to introduce, we believe the trial court did not abuse its discretion by excluding such evidence. On this point, we further note that Georgia Estlinbaum testified without objection that the appellant had made accusations to his wife about her seeing other men. Thus, even if the "running around" evidence was admissible, as appellant proposes, that evidence was merely cumulative and the exclusion of it, even if erroneous, was nonprejudicial. *Hall* v. *State*, 286 Ark. 52, 689 S.W.2d 524 (1985).

Under Rule 11(f) of the Rules of the Supreme Court and the Court of Appeals, an examination has been made of all other rulings adverse to appellant, and none of them constitute prejudicial error. For the reasons above, we affirm.

Price, J., not participating.