Michael Wayne WILLIAMS *v.* STATE of Arkansas

CR 90-247                                          804 S.W.2d 346

Supreme Court of Arkansas
Opinion delivered February 18, 1991.

---

510

*William R. Simpson, Jr.*, Public Defender, *Thomas B. Devine III*, Deputy Public Defender, by: *Don Thompson*, Deputy Public Defender, for appellant.

*Mary B. Stallcup*, Att'y Gen., by: *Sandra Bailey Moll*, Asst. Att'y Gen., for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Michael Wayne Williams, was convicted of murder in the first degree, kidnapping, and aggravated assault and was sentenced to prison terms of life, twenty years, and six years, respectively, to run consecutively.

Williams' sole point of error on appeal is that the trial court erred in not granting his motion for a directed verdict on the charge of murder in the first degree. We disagree and affirm.

Sometime after midnight on August 13, 1989, Williams went to the home of the deceased, Virginia McGee, seeking his ex-girlfriend, Robin Jefferson. Ms. Jefferson had been living with Ms. McGee, who was her aunt.

Testimony at trial revealed that Williams and Ms. Jefferson had been boyfriend and girlfriend for approximately three years and had had a child together. A month before the murder, Ms. Jefferson ended the relationship, stating that Williams had been physically abusive. Ms. Jefferson testified that following their breakup, Williams repeatedly called and threatened her.

On one occasion, Williams fired a gun at Ms. Jefferson from his car and then ran his car into hers, causing her to run into a telephone pole. It was from this incident that Williams was convicted of aggravated assault. On another occasion, for which the jury convicted him of kidnapping, Williams forced Ms. Jefferson to leave her aunt's house with him at gunpoint. After making her drive around for some time, while he threatened to kill Ms. Jefferson and himself, Williams finally allowed her to return home.

The night Williams came to Ms. McGee's home, Robin Jefferson was staying with her grandmother. Ms. McGee was at home with her boyfriend, Willis Stewart. Mr. Stewart testified that they had fallen asleep in the back bedroom and awoke to find Williams standing in the doorway, holding a gun. Williams asked, "Where's she at?" indicating Ms. Jefferson. At that point, Ms. McGee got up and told Williams to leave. She and Williams proceeded down the hall towards the front door, arguing all the while. Mr. Stewart testified that Williams kept asking where Robin was and that "he was just kind of in a rage." Mr. Stewart heard the screen door slam and Ms. McGee walking back down the hall, at which point he heard gunshots. Williams then ran back down the hallway to the bedroom, again asking "Where's she at?" Mr. Stewart stated that "at this time I realized that he either shot at her or shot her." Williams then fled, and Mr. Stewart found Ms. McGee in the front bedroom, huddled beside a dresser. Mr. Stewart attempted to telephone for help but was unable to get a dial tone, whereupon he went to a pay phone and called the police and ambulance.

At trial, Williams' counsel made timely motions for a directed verdict on the basis that the state had failed to meet "its burden of showing there was any purposeful action or conscious object on Mr. Williams' part to kill Ms. McGee."

A motion for a directed verdict is a challenge to the sufficiency of the evidence. On appeal, we review the evidence in the light most favorable to the appellee and affirm if there is any substantial evidence to support the verdict. *Dunlap* v. *State*, 303 Ark. 222, 795 S.W.2d 920 (1990). Evidence is substantial to support a conviction if it is of sufficient force and character to compel reasonable minds to reach a conclusion and pass beyond

suspicion and conjecture. *Salley v. State*, 303 Ark. 278, 796 S.W.2d 335 (1990).

The jury was properly instructed in accordance with Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1989), that to sustain the charge of murder in the first degree, the state must prove, beyond a reasonable doubt, that "with the purpose of causing the death of Virginia McGee, Michael Williams caused the death of Virginia McGee." A person acts purposely with regard to his conduct or a result thereof when it is his "conscious object to engage in conduct of that nature or to cause such a result." Ark. Code Ann. § 5-2-202(1)(1987).

We hold that there was substantial evidence from which the jury could have concluded that Williams purposely caused the death of Virginia McGee.

In addition to Mr. Stewart's testimony, recounting the events as he heard them from the bedroom, Captain Randy Johnson, with the North Little Rock Police Department, testified concerning an interview he conducted with Williams. Williams' account of the incident matched Mr. Stewart's.

According to Captain Johnson, Williams told him and Sergeant Jim Chapman that he had experienced ongoing problems with the family because of his relationship with Robin Jefferson. He stated that he arrived at Ms. McGee's home on August 13 looking for Ms. Jefferson armed with a handgun. Upon his arrival, Williams disconnected the telephone wires at the back of the house so that no one could call the police, as had been done upon his previous visits to the home. Sergeant Chapman verified this fact from his inspection of the telephone box at the residence.

After no one responded to the front door bell, Williams went around to the side of the house and gained entry there by forcing the door open. Williams told Captain Johnson he went to the back bedroom where he found Ms. McGee and Mr. Stewart asleep. Williams asked Ms. McGee where Robin was and the two began arguing as she escorted him down the hall, telling him to leave. Williams related that Ms. McGee opened the front door and a shoving match ensued, whereupon Ms. McGee stated something to the effect that "you're not the only one who's got a gun," and started walking across the living room to the hallway. Captain

Johnson testified that Williams said when Ms. McGee got across the living room? he raised the gun and fired two shots, not knowing whether or not he had hit her.

Dr. Fahmy Malak, Chief Medical Examiner with the State Crime Laboratory, testified that an autopsy of the body revealed that Ms. McGee was shot once in the abdomen and once in the lower back. Dr. Malak stated that both wounds contained gunpowder residue, indicating a close shooting range of approximately three feet. Evidence reflects Ms. McGee was shot with a .45 caliber weapon.

Williams argues that the shots were fired in frustration and, while the evidence shows that he intentionally entered the home, it does not show that he intended to kill Ms. McGee since his quarrel was not with her but with her niece, Robin Jefferson.

Intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances surrounding the killing. *Starling* v. *State*, 301 Ark. 603, 786 S.W.2d 114 (1990). It is irrelevant that Williams' initial quarrel was with Ms. Jefferson when he came to the house. The jury could reasonably have found that Williams became so upset with Ms. McGee that he raised his gun and fired, purposely intending to kill her. We have said that even premeditation and deliberation can be formed on the spur of the moment, *see Salley* v. *State*, *supra*, and the same is true of purposeful intent.

Furthermore, the intent necessary for first degree murder may be inferred from the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds. *Garza* v. *State*, 293 Ark. 175, 735 S.W.2d 702 (1987). It is reasonable to conclude that when the appellant fired shots from a .45 caliber pistol into the victim's abdomen and back, from a distance of a few feet, he possessed a purposeful intent to kill.

Under Ark. Sup. Ct. R. 11(f), an examination has been made of all other rulings adverse to Williams, and none constitute prejudicial error. For the reasons above, we affirm.