Dary PURIFOY *v.* STATE of Arkansas

CR 91-141                                        822 S.W.2d 374

Supreme Court of Arkansas
Opinion delivered December 23, 1991
[Rehearing denied February 3, 1992.]

484

*James B. Bennett* for appellant.

*Winston Bryant*, Att'y Gen., *Clementine Infante*, Asst. Att'y Gen. for appellee.

DONALD L. CORBIN, Justice. Appellant, Dary Purifoy, urges this court to reverse his convictions of first degree murder and second degree battery. A Union County jury returned the convictions, and sentenced appellant to prison terms of thirty-five years for the murder conviction and six years for the battery conviction. We affirm.

Appellant presents four arguments for reversal. Each of appellant's first two arguments encompasses dual challenges to the sufficiency of the evidence and to a variance in the charge contained in the information and the proof presented at trial. Appellant's first argument focuses on the battery conviction and his second argument focuses on the murder conviction. However, we confine our discussion of appellant's first two arguments to a single analysis given the similarities in each argument's relevant facts and applicable law.

The state presented the following proof at trial. On July 8, 1990, appellant was at Crab Apple Point in Calion, Arkansas. Appellant became angry with his girlfriend, Angela Lowery, after Lowery talked to another man at the club. Appellant and Lowery began pushing and hitting each other, and this altercation led to a fight breaking out between several men at the club. The fighters included appellant, David Nesbit, James Wright and Fred Hall on one side, and Scotty Hall and Renford Green on the other side. Another man, Aric Steve Lemons was at the club during the fight, but the state presented proof that Lemons was not involved in the fight. Following the fight, appellant and David Nesbit left Crab Apple Point, and Scotty Hall, Aric Lemons, and Green went down to the lake.

Appellant and David Nesbit returned to the area a few minutes later carrying loaded guns. Appellant was armed with a shotgun and Nesbit carried a .22 rifle. Appellant and Nesbit walked toward the lake where some of the men involved in the earlier fight were standing. Other than appellant and Nesbit, no one in the area was armed. When Lemons decided to go to his car, someone yelled, "There he is," and appellant and Nesbit began shooting at Lemons. Lemons sustained two gunshot wounds in his chest and shotgun wounds in his right hand, neck, right leg, and

right foot. He subsequently died.

During the shooting incident, the crowd at the lake began to run. Testimony indicated that appellant and Nesbit fired toward the crowd. James Wright, a member of the crowd, sustained bullet wounds in both legs, and testified that a .22 bullet remained in one of his legs.

The state subsequently filed an information charging appellant and David Nesbit with first degree murder for causing the death of "Arie Steve Lemons." The information also charged appellant alone with first degree battery for causing physical injury to James Wright by means of a deadly weapon.

Appellant asserts three specific challenges to the sufficiency of the evidence supporting his convictions. We interpret his primary argument to be that sufficient evidence does not exist to support either the murder or battery conviction because the state's proof indicated that Lemons' fatal wounds and Wright's leg wounds were inflicted with a .22 rifle. Appellant relies on the proof that established Nesbit was armed with a .22 rifle while appellant carried a shotgun.

■ We must affirm if we find substantial evidence to support appellant's convictions. *Smith* v. *State*, 306 Ark. 483, 815 S.W.2d 922 (1991); *Lewis* v. *State*, 295 Ark. 499, 749 S.W.2d 672 (1988). In determining whether there is substantial evidence, we consider only the evidence that is favorable to the state and supports appellant's convictions. *Smith, supra; Crossley* v. *State*, 304 Ark. 378, 802 S.W.2d 459 (1991). In cases such as the instant one, where the theory of accomplice liability is implicated, we affirm a sufficiency of the evidence challenge if substantial evidence exists that the defendant acted as an accomplice in commission of the alleged offense. Ark. Code Ann. § 5-2-402(2) (1987).

The state's evidence illustrated the intertwined nature of the activities of appellant and David Nesbit on the evening of July 8, 1990. Scotty Hall testified that appellant and Nesbit fought together in the altercation at the club. Curtis Clark, appellant's half-brother, testified that appellant and Nesbit took a shotgun and a .22 rifle out of Clark's vehicle and "took off" together. Testimony regarding the shooting incident itself indicates that

one of the two men threw a gun to the other man, and that both appellant and Nesbit shot at Aric Lemons and then shot towards the crowd at the lake.

Ark. Code Ann. § 5-2-403(a)(2) (1987) provides that a person acts as an accomplice of another person in the commission of an offense if, with the requisite intent, he aids, agrees to aid, or attempts to aid the other person in commission of the offense. *Nelson* v. *State*, 306 Ark. 456, 816 S.W.2d 159 (1991); *Pilcher* v. *State*, 303 Ark. 335, 796 S.W.2d 845 (1990). We have stated that the following factors are relevant in determining the connection of an accomplice with the crime: presence of the accused in the proximity of a crime, opportunity, and association with a person involved in the crime in a manner suggestive of joint participation. *Hooks* v. *State*, 303 Ark. 236, 795 S.W.2d 56 (1990).

In this case, the proof at trial was amply sufficient in illustrating the joint nature of appellant's and Nesbit's activities. While appellant argues that he never discussed hurting anyone and never intended to help Nesbit hurt anyone, we have held that concert of action to commit an unlawful act may be shown by circumstantial evidence, without direct proof of a conspiracy agreement. *King* v. *State*, 271 Ark. 417, 609 S.W.2d 32 (1980). We have further held that under the accomplice liability statute, a defendant may properly be found guilty not only of his own conduct, but also by that conduct of his accomplice. *Id*. When two or more persons assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Parker* v. *State*, 265 Ark. 315, 578 S.W.2d 206 (1979). There is no distinction between principals on the one hand and accomplices on the other, insofar as criminal liability is concerned. *Id*. As the proof at trial was amply sufficient in illustrating the joint nature of appellant's and Nesbit's activities, the fact that Nesbit's shots may have actually inflicted Lemon's fatal injuries and Wright's leg wounds is irrelevant to the question of appellant's criminal liability for the offenses.

Appellant's second challenge to the sufficiency of the evidence argues that the state did not prove appellant possessed the requisite intent to be convicted of first degree murder or second degree battery. Ark. Code Ann. § 5-10-102(a)(2) (Supp. 1989) provides that a person commits murder in the first degree if

he causes the death of another person with the purpose of causing the death of another person. This court has recognized that intent or state of mind is seldom capable of proof by direct evidence and must usually be inferred from the circumstances surrounding the killing. *Williams* v. *State*, 304 Ark. 509, 804 S.W.2d 346 (1991); *Starling* v. *State*, 301 Ark. 603, 786 S.W.2d 114 (1990). The factors relevant in inferring the intent necessary for first degree murder include the type of weapon used, the manner of its use, and the nature, extent, and location of the wounds. *Williams, supra.* In the instant case, the state produced testimony that appellant fired a shotgun at an unarmed Aric Lemons from an approximate distance of fifteen feet. The pathologist who conducted the autopsy on Lemons testified that Lemons sustained a series of shotgun injuries in his neck and limbs. Based on this evidence, it is certainly reasonable to conclude that appellant acted purposefully as an accomplice to David Nesbit in causing the death of Aric Lemons.

Ark. Code Ann. § 5-13-202 (1987) sets out the elements of second degree battery:

(a) A person commits battery in the second degree if:

(1) With the purpose of causing physical injury to another person, he causes serious physical injury to any person;

(2) With the purpose of causing physical injury to another person, he causes physical injury to any person by means of a deadly weapon;

(3) He recklessly causes serious physical injury to another person by means of a deadly weapon[.]

We have held that the only specific intent required by the statute is the intent to cause physical injury. *Holmes* v. *State*, 288 Ark. 72, 702 S.W.2d 18 (1986). In this case, the state presented evidence that appellant fired a shotgun directly at the crowd of which Mr. Wright was a member. Based on this evidence, a jury could certainly conclude that appellant possessed the necessary intent to cause injury required by the second degree battery statute.

■ Appellant's third challenge to the sufficiency of the evidence argues that the trial court erred in instructing the jury under subsections (a)(1) and (a)(3) of the second degree battery statute because the state failed to prove James Wright suffered a "serious physical injury." Ark. Code Ann. § 5-1-102(19) (1987) defines serious physical injury as an injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Mr. Wright testified that he spent a week in the hospital to recover from his gunshot wounds. He further testified that one of his legs still "gives out" on him. We have held that the question of whether injuries constitute a temporary or protracted impairment of a function of bodily member or organs is for the jury to decide. *Harmon* v. *State*, 260 Ark. 665, 543 S.W.2d 43 (1976). Based on Mr. Wright's testimony as to the permanent nature of his injury, we believe sufficient evidence of serious physical injury exists. *See also Tarentino* v. *State*, 302 Ark. 55, 786 S.W.2d 584 (1990).

Appellant combined his sufficiency of the evidence challenges with challenges to variances in the charges contained in the information and the proof produced at trial. Appellant argues that he was not adequately apprised of the charges against him because the information filed by the state charged appellant as a principal rather than as an accomplice.

■ An information is not defective if it sufficiently apprises the defendant of the specific crime with which he is charged to the extent necessary to enable him to prepare a defense. *Richard* v. *State*, 286 Ark. 410, 691 S.W.2d 872 (1985). As this court has held that there is no distinction between principals and accomplices for purposes of establishing criminal liability, *Parker, supra*, we find that the allegations contained in the information were sufficient to apprise appellant of the crimes with which he was charged.

■ Appellant also alleges he was prejudiced by omissions of the language "or another" in both the information and the trial court's instructions on first and second degree battery. This court has refused to consider trivial variances in wording that have no prejudicial effect on a defendant's rights. *Tackett* v. *State*, 298 Ark. 20, 766 S.W.2d 410 (1989); *Hall* v. *State*, 276 Ark. 245, 634

S.W.2d 115 (1982). Since appellant does not present any argument concerning the manner in which omission of the language prejudiced him, we reject his argument concerning the omission.

Appellant's initial arguments regarding appellant's accomplice liability also dwell on the fact that David Nesbit was not charged with the offense of battery. Ark. Code Ann. § 5-2-405 (1987) provides:

> In any prosecution for an offense in which the liability of the defendant is based on conduct of another person, it is no defense that:
>
> . . . .
>
> (2)   The other person has not been charged with, prosecuted for, convicted of, or has been acquitted of any offense or has been convicted of a different offense or degree of offense, based upon the conduct in question[.]

This section clearly indicates that the absence of a battery charge against Nesbit is irrelevant to the question of appellant's liability. *See also Roleson* v. *State*, 277 Ark. 148, 640 S.W.2d 113 (1982). Since we find sufficient evidence that appellant's activities on the night in question satisfied the requirements of first degree murder and second degree battery, we affirm the trial court's refusal to direct a verdict in favor of appellant.

Appellant's third argument for reversal concerns the misspelling in the information of the murder victim's name. The state charged appellant with the murder of "Arie Steve Lemons." However, the proof at trial established that the victim's name was "Aric Steve Lemons." The doctrine of *idem sonans* provides that a variance between allegation and proof of a given name is not material so long as the pronunciation or sound remains substantially the same. *Taylor* v. *State*, 72 Ark. 613, 82 S.W. 493 (1904); *Black's Law Dictionary*. In the instant case, the variance involves a silent "e" and a pronounced "c" in "Aric." The trial court discussed the *idem sonans* doctrine in overruling appellant's argument concerning the misspelling of Aric Lemons' name. The court stated that *idem sonans* applied in this case because the misspelling of Mr. Lemon's name in the information was not misleading.

This court has stated that a variance in the spelling of a name is not fatal in cases where the inaccuracy is not misleading. *Bennett* v. *State*, 84 Ark. 97, 104 S.W. 928 (1907). Furthermore, Ark. Code Ann. § 16-85-405(a)(2) (1987), provides that a defect in an indictment does not render the indictment insufficient so long as the defect does not prejudice the substantial rights of the defendant. When an offense is described with sufficient certainty to identify the act, section 16-85-405(c) provides that an erroneous allegation as to the person injured is not material. In the instant case, appellant does not allege the manner in which the misspelling of the murder victim's name prejudiced him, and we see no indication of any confusion surrounding the identity of the victim. Therefore, we affirm the trial court's ruling that the minor misspelling of the victim's name in the information did not constitute a fatal defect.

Appellant's final argument for reversal alleges that the trial court erred in refusing to instruct the jury on causation. At the close of the evidence, appellant proffered the following instruction:

In these instructions you have been told that the State must prove that Dary Purifoy caused a particular result. Causation exists when the result would not have occurred except for the conduct of Dary Purifoy operating either alone or together with another cause, unless the other cause was clearly sufficient to produce the result and the conduct of Dary Purifoy was clearly insufficient by itself.

The trial court refused to instruct the jury as appellant requested.

This court has held that there is no error in refusing to give an instruction where there is no evidence to support the giving of that instruction. *Blaney* v. *State*, 280 Ark. 253, 657 S.W.2d 531 (1983); *Couch* v. *State*, 274 Ark. 29, 621 S.W.2d 694 (1981). In this case, no evidence exists to support the theory that the death of Aric Lemons and the wounding of James Wright resulted from any cause other than the shooting activities of appellant and Nesbit. The trial court properly instructed the jury on the requirements for accomplice liability, and we have determined that sufficient evidence existed to support appellant's convictions as an accomplice. Since appellant bases his causation argument solely on the erroneous proposition that he cannot be

held liable for his accomplice's actions, we find no evidence to support a causation instruction. We therefore affirm the trial court's refusal to give appellant's requested instruction.

Affirmed.