## Walter Lee WALTON *v.* STATE of Arkansas

CA CR 94-971                                    918 S.W.2d 192

Court of Appeals of Arkansas
Division I
Opinion delivered March 20, 1996

*Maxie G. Kizer, P.A.*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Vada Berger*, Asst. Att'y Gen., for appellee.

JAMES R. COOPER, Judge. The appellant was convicted in a jury trial of battery in the first degree and sentenced to seven years in the Arkansas Department of Correction. On appeal, he argues that the trial court erred in failing to give jury instructions AMCI 2d 704 on the use of physical force in defense of a person and AMCI 2d 705 on the use of deadly physical force in defense of a person. We disagree and affirm.

The appellant admitted that he had stabbed the victim, Ferbia Allen, a correctional officer at the Tucker Maximum Security Unit. The appellant testified, however, that he was defending himself from unlawful actions of the correctional officers. At the close of the evidence, the appellant proffered the instructions on the justification defenses. The trial court found that the testimony was insufficient to warrant the giving of either instruction.

The victim, Sergeant Allen, testified that he had gone to the appellant's cell in punitive isolation on the day of the incident to question the appellant about throwing something on Officer Coleman, a correctional officer under Sergeant Allen's supervision. After going to the appellant's cell, Sergeant Allen discovered that it was flooded and needed to be cleaned. Sergeant Allen testified that he handcuffed the appellant and brought him out of his cell. He further testified that while he and the appellant were standing in the hallway, he heard a noise in the control room and stepped away from the appellant to investigate. The appellant then slipped out of his handcuffs and stabbed Sergeant Allen in the side with a home-made knife or shank. Sergeant Allen testified that the appellant then ran back into his cell, got the broom the porter was using, and began swinging it. Although he had been stabbed, Sergeant Allen managed to kick the appellant's cell door closed. He testified that he was not armed with a night stick at the time of the stabbing. He further testified that he had not had any problems with the appellant prior to the stabbing.

The appellant testified that he and the victim had a number of

problems prior to the incident. He testified that the victim used abusive language, failed to feed him, failed to give him exercise yard call, and failed to release him from his restraints so that he could use the restroom.

The appellant testified that on the day of the incident he was unable to turn the water off in his cell and that Officer Coleman refused to turn it off for him. He stated that he subsequently threw some of his food on Officer Coleman's shirt. The appellant testified that Sergeant Allen eventually came to his cell and turned his water off. The appellant testified that Sergeant Allen handcuffed him and brought him out of the cell and that the two of them stood outside the cell while Officer Coleman was at a nearby control booth.

The appellant testified that he and Officer Coleman began to exchange words and that Officer Coleman subsequently came out of the control booth armed with a night stick. The appellant testified that Officer Coleman said, "It's dying time," and raised his night stick. The appellant explained that he then slipped from his handcuffs, raised his knife and told the officers to get away from him. He stated that he stabbed Sergeant Allen when he came toward him because he thought Sergeant Allen was going to hit him with his night stick. The appellant acknowledged, however, that Sergeant Allen did not come toward him with his night stick until he had pulled out his knife. He further testified that he pulled the knife to keep Officer Coleman from hitting him when he came out of the control booth. He testified that he retreated to his cell and used a broom to fight off the advances of the correctional officers. The appellant testified that he was eventually able to close the gate to his cell to prevent the officers from entering.

An inmate, Revis Leon Hamilton, testified that he overheard Sergeant Allen threaten to "bust his [appellant's] head the first chance he got." He also testified that the officers were armed with night sticks.

Another inmate, Danny Floyd, testified that he was in a cell near the appellant's on the day of the incident. He testified that he witnessed Officer Coleman run out of the control booth with his night stick, heard a scream and then witnessed the officers run back into the control booth. He stated that Sergeant Allen was "holding his gut."

■ AMCI 2d 704 is based on the defense provided by

Arkansas Code Annotated § 5-2-606 (Repl. 1993), which states:

> (a) A person is justified in using physical force upon another person to defend himself or a third person from what he reasonably believes to be the use or imminent use of unlawful physical force by that other person, and he may use a degree of force that he reasonably believes to be necessary. However, he may not use deadly physical force except as provided in § 5-2-607.

Arkansas Code Annotated 5-2-607 provides:

> (a) A person is justified in using deadly physical force upon another person if he reasonably believes that the other person is:
>
> (2) Using or about to use unlawful deadly physical force.

Where the defendant has offered sufficient evidence to raise a question of fact concerning a defense, the instructions must fully and fairly declare the law applicable to that defense. *Lair* v. *State*, 19 Ark. App. 172, 718 S.W.2d 467 (1986). However, there is no error in refusing to give a jury instruction where there is no basis in the evidence to support the giving of the instruction. *Purifoy* v. *State*, 307 Ark. 482, 822 S.W.2d 374 (1991).

Here, we find that the evidence does not warrant the giving of either instruction. The instruction on the use of physical force in self-defense was not appropriate because there was no evidence from which the jury could have found that the appellant responded with anything other than deadly force since he admitted to stabbing the victim with a knife. Moreover, the appellant testified that the victim did not advance toward him with his night stick until he had slipped out of his handcuffs and brandished his knife. Once the appellant threatened him, Sergeant Allen could lawfully use non-deadly physical force against the appellant. *See* Ark. Code Ann. § 5-2-605(2) (Repl. 1993). Thus, the giving of the instruction on the use of deadly physical force in self-defense was not warranted because the evidence did not show that the appellant reasonably believed that Sergeant Allen was using or about to use unlawful deadly physical force.

Affirmed.

PITTMAN and ROGERS, JJ., agree.