Markland JENKINS *v.* STATE of Arkansas

CA CR 97-711                                    959 S.W.2d 427

Court of Appeals of Arkansas
Division II
Opinion delivered January 14, 1998

*William R. Simpson, Jr.*, Public Defender, by: *Deborah R. Sallings*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

JOHN F. STROUD, JR., Judge. Markland Jenkins was charged with second-degree battery; in addition, the State filed a petition for revocation of his probation for a previous conviction. He waived trial by a jury. Evidence on the underlying offense and the revocation was presented in the same proceeding. Mr. Jenkins moved for a directed verdict at the end of the State's case and again at the close of the evidence put on by the defense. The trial

court denied his motions, found him guilty of second-degree battery, and found him in willful violation of his probation. He was sentenced to thirty-six months in the Arkansas Department of Correction with thirty months suspended on the battery charge, and to thirty-six months with twenty-four months suspended on the revocation, the sentences to be served consecutively. On appeal he challenges the sufficiency of the evidence to support the conviction and the revocation. We find the evidence sufficient and affirm.

A motion for directed verdict is a challenge to the sufficiency of the evidence. *Ladwig v. State*, 328 Ark. 241, 943 S.W.2d 571 (1997). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, which is evidence of such certainty and precision to compel a conclusion one way or another. *Id.* We review the evidence in the light most favorable to the appellee, considering only the testimony which tends to support the verdict. *Tarentino v. State*, 302 Ark. 55, 786 S.W.2d 584 (1990).

It is not disputed that appellant's girlfriend jumped through a second-story window after the couple argued over whether she was seeing someone else, and that she fractured elbow, pelvis, ankle, and facial bones when she landed on the concrete below. Appellant argues, however, that his conviction for second-degree battery cannot stand because he did not cause her injuries.

A person commits battery in the second degree if with the purpose of causing physical injury to another person, he causes serious physical injury to any person. Ark. Code Ann. § 5-13-202(a)(1) (Repl. 1995). Causation is addressed as follows:

> Causation may be found where the result would not have occurred but for the conduct of the defendant operating either alone or concurrently with another cause unless the concurrent cause was clearly insufficient to produce the result and the conduct of the defendant clearly insufficient.

Ark. Code Ann. § 5-2-205 (Supp. 1993).

Appellant's girlfriend testified that appellant choked her steadily, choking her so hard that she urinated on herself. She

stated that he pushed her or otherwise stopped her each time she tried to reach the door. She said that he threatened to kill her and that he held her down on the bed while he made a phone call, asking someone, "Man, what did you do with my gun?" She testified that after reaching into a dresser drawer and behind the bed, he held something that she thought might have been a gun or a clip. She also testified that she knew he kept a gun in the house. Regarding her own actions, she stated the following:

> [He said], "Tell me the truth, or, you know, I'm going to kill you." My cousin had just got shot in the head like some months before by her boyfriend, and I kept on thinking about that. And I was like I'll take my chances. I'd rather jump out this window and take my chances of being crumbled up than him putting a gun to my head, and I'm dead for life, leaving my two kids behind. And so when he . . . grabbed me like he was going to shoot me or something, I just lost it. I just got up and jumped out the window.

Appellant testified that he never choked his girlfriend and that he did not prevent her from going downstairs.

The circumstances here are akin to those in *Holmes v. State*, 288 Ark. 72, 702 S.W.2d 18 (1986), where a homeowner fought back after being hit twice by an intruder and broke his own kneecap while making a tackle. The supreme court viewed the blows to the homeowner and the breaking of the kneecap as one continuous occurrence, finding evidence to indicate that "the prerequisite intent was still present."

Appellant's sufficiency argument focuses upon the testimony and the element of causation. He contends that the physical injuries arose from an event separate and distinct from the altercation. He insists that the physical fight had ceased before his girlfriend jumped and that he was then, at the most, threatening her. He points to the victim's testimony that she "lost it" and decided to jump. He also notes that she testified that he had threatened to kill her but told police only that he had threatened to shoot her in the leg.

The credibility of witnesses and the weight to be accorded their testimony are for the trier of fact; such determina-

tions will not be disturbed on appeal when there is substantial evidence to support the factfinder's conclusion. *Atkins v. State*, 310 Ark. 295, 836 S.W.2d 367 (1992). Here, the trier of fact accepted the victim's story that appellant choked her and said he would kill her, and that she jumped through the window rather than be shot and killed. Viewing the evidence in the light most favorable to the State, we find that the victim's jumping through the window and appellant's choking her comprised one continuous occurrence. We also find the victim's testimony sufficient to show that appellant's intent to harm her existed at the time she jumped. *See Holmes v. State*, 288 Ark. 72, 702 S.W.2d 18 (1986). We find that there was substantial evidence to support appellant's conviction for second-degree battery.

On the issue of the revocation, the standard of review is slightly different. In such cases, the trial court must find by a preponderance of the evidence that the defendant has failed to comply with the conditions of his probation before it may be revoked. Ark. Code Ann. § 5-4-309(d) (Repl. 1997). On appeal, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *Alford v. State*, 33 Ark. App. 179, 804 S.W.2d 370 (1991). In light of the evidence outlined above, we cannot conclude that the trial court erred in revoking appellant's probation.

Affirmed.

AREY and JENNINGS, JJ., agree.