Victoria FARRELLY *v.* STATE of Arkansas

CA CR 99-1167                                        15 S.W.3d 699

Court of Appeals of Arkansas
Division II
Opinion delivered May 3, 2000

.    *William R. Simpson, Jr.*, Public Defender and *Andy O. Shaw*, Deputy Public Defender, by: *David Sudduth*, Deputy Public Defender, for appellant.

*Mark Pryor*, Att'y Gen., by: *Sandy Moll*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Victoria Farrelly was convicted in a bench trial of committing the felony offense of battery in the second degree. Using the evidence presented in the prosecution of the second-degree battery case, the trial court revoked appellant's previously imposed probationary sentence. Appellant received consecutive sentences of thirty-six months' incarceration, with thirty months suspended, for her second-degree battery conviction, and thirty-six months' incarceration, with thirty months suspended, for the revocation. She has appealed to this court to reverse her conviction and revocation, arguing that the evidence was insufficient to establish either that she committed battery in the second degree or that she violated the conditions of her probationary sentence. Upon reviewing the evidence presented, we find the evidence is sufficient to support both the conviction and revocation. We, accordingly, affirm.

On December 21, 1998, Stacie Prime drove to the Wendy's Restaurant located on Markham Street in Little Rock. She placed her order and proceeded towards the drive-through window where she attempted to pay for her order by placing cash on the window sill. According to Ms. Prime, her boyfriend Roderick Crutchfield, and Tunita Thornton, who was driving behind Ms. Prime's car,

appellant closed the drive-through window on Ms. Prime's hand. Ms. Prime parked her car and went inside the restaurant.

While inside the restaurant appellant and Ms. Prime engaged in a physical altercation. It is undisputed that at some point during the course of the altercation, appellant stabbed Ms. Prime three times with a knife taken from the restaurant's kitchen. Ms. Prime was transported by ambulance to a local hospital, but was not hospitalized. Appellant was arrested and charged with committing second-degree battery.

At trial, appellant moved for a directed verdict at the conclusion of the State's case-in-chief, and again at the close of the defense's case. On appeal, she contends that the evidence is not sufficient to sustain the conviction because the State had failed to show that the victim suffered a physical injury from the altercation.

■ A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Ladwig v. State*, 328 Ark. 241, 943 S.W.2d 571 (1997). The test for determining the sufficiency of the evidence is whether the evidence is supported by substantial evidence, which is evidence of such certainty and precision to compel a conclusion one way or another. *Id.* We review the evidence in the light most favorable to the appellee, considering only the testimony that tends to support the verdict. *Jenkins v. State*, 60 Ark. App. 122, 959 S.W.2d 427 (1998).

In order for the court to have found appellant guilty of second-degree battery in violation of Arkansas Code Annotated section 5-13-202(a)(2) (Repl. 1997), the State was required to prove that appellant caused "physical injury" to Stacie Prime by means of a deadly weapon other than a firearm.

■ Arkansas Code Annotated section 5-1-102(14) (Repl. 1997) defines "physical injury" as the impairment of physical condition or the infliction of substantial pain. Pain is a subjective matter and difficult to measure from testimony. *Sykes v. State*, 57 Ark. App. 5, 940 S.W.2d 888 (1997). In determining whether an injury inflicts substantial pain, the fact-finder must consider all of the testimony and may consider the severity of the attack and the sensitivity of the area of the body to which the injury is inflicted. *Id.* Moreover, the fact-finder is not required to set aside its common knowledge and

may consider the evidence in light of its observations and experiences in the affairs of life. *Id.*

Appellant cites *Kelly v. State,* 7 Ark. App. 130, 644 S.W.2d 638 (1983), in support of her argument that the State failed to produce sufficient evidence to support the second-degree battery conviction. However, the facts in *Kelly* are easily distinguished from the facts in the case presently before the court. In *Kelly,* the victim was stabbed in the shoulder, but did not require medical attention for an injury described by one witness as a "fingernail scratch."

We believe the facts found in the present case are more akin to those found in *Hundley v. State,* 22 Ark. App. 239, 738 S.W.2d 107 (1987). In *Hundley,* we upheld a battery conviction where the victim, a police officer, was stabbed completely through the shoulder with a three-inch knife and testified afterward that he felt faint, experienced chest pains and difficulty in breathing. This court held that these symptoms, in addition to evidencing substantial pain, showed the "temporary impairment of physical condition." 22 Ark. App. at 243, 738 S.W.2d at 110.

In the present case, the victim testified that she was stabbed in the shoulder, back, and arm and that the knife penetrated the muscle in her shoulder area. Ms. Prime testified that she felt faint and "felt this warmness run down my body." She also testified that she was scarred as a result of the attack, and that she continued to receive treatment for those scars. In light of the severity of the attack, we hold that the evidence is sufficient to sustain the conviction for second-degree battery.

With regard to the issue of the revocation, the standard of review is slightly different. In revocation cases, the trial court must find by a preponderance of the evidence that the defendant has failed to comply with the conditions of his probation before it may be revoked. Ark. Code Ann. § 5-4-309(d) (Repl. 1997). On appeal, we do not reverse the trial court's decision unless it is clearly against the preponderance of the evidence. *See Baldridge v. State,* 31 Ark. App. 114, 789 S.W.2d 735 (1990). In light of the evidence outlined above, we cannot conclude that the trial court erred in revoking appellant's probation.

Affirmed.

ROBBINS, C.J., and STROUD, J., agree.