Leanna NAPIER *v.* STATE of Arkansas

CA CR 00-1286                                    46 S.W.3d 565

Court of Appeals of Arkansas
Division I
Opinion delivered June 20, 2001

*Doug Norwood* and *Susan Lusby*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.

OLLY NEAL, Judge. Leanna Napier appeals her jury conviction for third-degree battery for which she was ordered to serve thirty days in the Benton County Jail and fined $1,000 with $500 suspended for twelve months. Appellant's sole point on appeal is that the trial court improperly instructed the jury in violation of the United States and Arkansas Constitutions's prohibitions against *ex post facto* laws. We agree and reverse.

The State charged appellant with committing battery in the third degree on September 24, 1998. The Rogers Municipal Court found appellant guilty of the offense and appellant appealed the judgment of the Rogers Municipal Court to the Benton County Circuit Court on February 24, 1999. At the jury trial in the circuit court, Laura Kozial testified that appellant hit her with her fist,

pulled out some of her hair and manipulated her previously injured shoulder causing her a "lot of pain." Detective Michael Patton of the Rogers Police Department testified that on September 24, 1998, he was called to St. Mary's Hospital to investigate a disturbance. Detective Patton stated that when he arrived he noticed that Ms. Kozial had a bald spot on her head that was visibly red. Detective Patton further testified that he found hair in another room of the hospital.

A person commits battery in the third degree if with the purpose of causing physical injury to another person, he causes physical injury to any person. Before the trial court charged the jury, appellant objected to the use of AMCI 2d 1307 which defines physical injury as *"the impairment of physical condition or the infliction of substantial pain, or infliction of bruising, swelling, or visible marks associated with physical trauma."* This definition of physical injury is consistent with the definition of physical injury provided in the Arkansas Code. *See* Ark. Code Ann. § 5-1-102(14) (Supp. 1999). Appellant argued that because appellant was accused of committing the battery in 1998, the court should have defined physical injury as the Code defined it in 1998. In 1998 the Code defined "physical injury" as *"the impairment of physical condition or the infliction of substantial pain."* The trial court denied appellant's objection to the instruction concluding that the instruction was procedural rather than substantive. From that ruling comes the present appeal.

The State responds that appellant has not preserved her argument for appeal. The State notes that appellant objected only on the basis that the court was giving the wrong definition of physical injury and did not explicitly state that giving the new instruction would violate the Arkansas and United States constitutions prohibitions against *ex post facto* laws.

██ Under our well-settled rule, this court does not consider issues raised for the first time on appeal. *Skiver v. State*, 37 Ark. App. 146, 826 S.W.2d 309 (1992). Even constitutional issues may not be raised for the first time on appeal. *Foster v. State*, 66 Ark. App. 183, 991 S.W.2d 135 (1999).

█ We disagree with the State's contention that appellant has failed to preserve her *ex post facto* argument for appeal. The record reveals that following colloquy between appellant's attorney and the trial judge:

COURT: Make your record.

MR. NORWOOD: Okay. The Court has told me in chambers that it is going to allow a-- in the battery in the third degree, which AMCI 2d 1307, that you're going to allow the definition of physical injury to read as follows:

Physical injury means the impairment of physical condition or the infliction of substantial pain, or infliction of bruising, swelling or visible marks associated with physical trauma.

That wording of this statute came into effect as a result of the legislation in 1999. The — since the incident offense happened in 1998, the proper definition should be: Physical injury means the impairment of physical condition or the infliction of substantial pain.

I believe the Court is giving the wrong definition of what physical injury is and I want the Court to note my objection to the Court doing that.

COURT: Your objection is noted. The Court finds that the definition is procedural, not substantive, and merely a statement of what the law was.

Although appellant never explicitly stated the phrase "*ex post facto*," the record is clear that appellant was basing her objection on *ex post facto* grounds and that the court understood the objection as such.

Article 1, § 10, of the United States Constitution provides that "(n)o state shall . . . pass any bill of attainder, ex post facto law, or law impairing the obligation of contracts. . . ." Article 2, § 17, of the Arkansas Constitution similarly provides, "No . . . ex post facto law . . . shall ever be passed. . . ." A law is in violation of the ex post facto clause if it is retroactive and it disadvantages the accused by altering the definition of criminal conduct or by increasing the punishment for the crime. *Lynce v. Mathis*, 519 U.S. 433 (1997); *Collins v. Youngblood*, 497 U.S. 37 (1990); *Beazell v. Ohio*, 269 U.S. 167 (1925). *See also Calder v. Bull*, 3 Dall. 386 (1798).

The focus of the *ex post facto* inquiry is not on whether a legislative change produces some ambiguous sort of 'disadvantage,' ... but on whether any such change alters the definition of criminal conduct or increases the penalty by which a crime is punishable. *Snyder v. State*, 332 Ark. 279, 965 S.W.2d 121 (1998) (*citing California Dept. of Corrections v. Morales*, 514 U.S. 499 (1995)). In this case, the addition of the language "infliction of bruising, swelling, or visible marks associated with physical trauma," altered the definition

of criminal conduct to such a degree as to make it easier for the State to show that appellant committed battery in the third degree.

■ The State argues that appellant cannot demonstrate prejudice because the evidence presented at trial proved that Kozial suffered a physical injury under both the old and new definitions of the term. The State contends Kozial's testimony concerning the pain she felt in her shoulder and the pain that she obviously felt upon having her hair ripped from her scalp establishes that Kozial suffered substantial pain as required under the old statute. Our supreme court has said prejudice is presumed on the giving of erroneous instruction unless some additional factor makes it clear that the erroneous instruction was harmless. *See Arthur v. Zearley*, 337 Ark. 125, 992 S.W.2d 67 (1999).

■ In cases involving a trial court's giving of an erroneous instruction involving the trial mechanism to be used in deciding either a civil or criminal case, we will not require the appellant to demonstrate prejudice. *Skinner v. R.J. Griffen & Co.*, 313 Ark. 430, 855 S.W.2d 913 (1993). Such a requirement is often an impossible burden, and the requirement of an impossible burden, in effect, renders the requirement of correct instructions on the law meaningless. *Hall v. State*, 326 Ark. 318, 933 S.W.2d 363 (1996). Said another way, prejudice will be presumed from the giving of an erroneous instruction unless some additional factor makes it clear that the erroneous instruction was harmless. If this were an attempt to make a finding as to whether appellant was prejudiced by the improper instruction, we would only engage in speculation, applying our view of what a reasonable jury would have done. *Skinner, supra*.

■ ■ An appellee, however, may still demonstrate that the giving of an erroneous instruction was harmless, where the jury demonstrably was not misled because the jury rejected the theory of the erroneous instruction, and where the erroneous instruction was obviously cured by other instructions. *See e.g. Cates v. Brown*, 278 Ark. 242, 645 S.W.2d 658 (1983); *Moore v. State*, 252 Ark. 526, 479 S.W.2d 857 (1972). In this case, the State cannot demonstrate that the jury found appellant guilty because she caused *substantial pain* rather than because Detective Patton testified that he observed the red area (visible mark) on appellant's scalp.

Reversed and remanded.

HART and VAUGHT, JJ., agree.