John D. CONNER *v.* STATE of Arkansas

CA CR 01-387                                    58 S.W.3d 865

Court of Appeals of Arkansas
Division I
Opinion delivered November 7, 2001

_Robert T. Rogers, II_, Public Defender, for appellant.

_Mark Pryor_, Att'y Gen., by: _Michael C. Angel_, Ass't Att'y Gen., for appellee.

SAM BIRD, Judge. John D. Conner was charged with domestic battery in the third degree, fleeing, and endangering the welfare of a minor, resulting from allegations that he dragged his live-in girlfriend, Robin West, through and outside his house. West sustained scratches and abrasions to her skin but did not seek medical attention nor miss work. Conner properly and timely moved for a directed verdict on the domestic-battery charge on the sole basis that there was no evidence of a physical injury that met the definition of Ark. Code Ann. § 5-1-102(14) (Supp. 1999). The trial court denied this motion for directed verdict, and Conner was convicted of all three charges. Conner appeals, contending that the State failed to produce sufficient evidence of a physical injury to support the third-degree domestic-battery conviction. _See_ Ark. Code Ann. § 5-26-305(a)(1) (Repl. 1997). We affirm.

■ The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, which is evidence of such certainty and precision as to compel a conclusion one way or another. _Farrelly v. State_, 70 Ark. App. 158, 15 S.W.3d 699 (2000). We review the evidence in the light most favorable to the appellee, considering only the testimony that tends to support the verdict. _Id._

■ Arkansas Code Annotated section 5-1-102(14) (Supp. 1999) defines "physical injury" as "(A) the impairment of physical condition; (B) infliction of substantial pain; or (C) infliction of bruising, swelling, or visible marks associated with physical trauma." Conner asks us to analogize the case at bar to _Kelley v. State_, 7 Ark. App. 130, 644 S.W.2d 638 (1983). In _Kelley_, the victim, though cut by a knife, stated that the wound did not require medical attention

because the wound was not severe. The victim's injury was described by another witness as a "fingernail scratch." *Id.* This court held that the evidence of a physical injury was insufficient to establish that his physical condition was impaired or that he was inflicted with substantial pain. *Id.*

■ As the State argues, however, *Kelley* was decided in 1983, and the definition of "physical injury" was amended in 1999 to include the additional definition of "infliction of bruising, swelling, or visible marks associated with physical trauma." Ark. Code Ann. § 5-1-102(14) (Supp. 1999); *see also* Ark. Code. Ann. § 5-1-102(14) (Repl. 1997). In *Napier v. State*, 74 Ark. App. 272, 46 S.W.3d 565 (2001), we recognized that this amendment "altered the definition of criminal conduct to such a degree as to make it easier for the State to show that appellant committed battery in the third degree." We also note that even before the 1999 amendment, this court has stated that it was not necessary that a victim seek medical treatment in order for the trier of fact to determine that a physical injury was sustained. *See Pettigrew v. State*, 64 Ark. App. 339, 984 S.W.2d 72 (1998).

In the present case, West testified that Conner dragged her "through the kitchen, living room, down the stairs, through the front door, across the front porch, down the steps again, and to the side of the car." She testified that there were scratches on her upper and lower hip. The State introduced photographs taken after the incident that evidence these scratches and abrasions. She testified that she was also bruised, but that the bruising did not show up in the State's photographs. West further explained that she did not miss work because she was not scheduled to work the next day or two.

■ We hold that West's testimony, coupled with the State's photographs, provide substantial evidence that Conner dragged West through and outside the house and that such action resulted in West's scratches and bruises. We further hold that the scratches and bruises inflicted upon West are encompassed by the amended statutory definition of physical injury. Therefore, we affirm.

JENNINGS and ROAF, JJ., agree.