Kevin Jeremy LINN *v.* STATE of Arkansas

CA CR 03–476                                    133 S.W.3d 407

Court of Appeals of Arkansas
Division III
Opinion delivered December 3, 2003

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Judge. Appellant Kevin Linn was convicted of second-degree battery and sentenced to fifteen years' imprisonment. On appeal, Linn argues (1) that the trial court erred in declining to direct a verdict because the State did not prove physical injury associated with physical trauma, and (2) that he

should be granted a new trial because he was denied adequate assistance of counsel in his first trial. We affirm.

The victim, Deputy Sheriff McKinley Scott, testified at trial that on February 15, 2001, he worked in the U-Unit of the Pulaski County Jail and was responsible for Linn's supervision. During Scott's shift, Linn was handcuffed during his scheduled cell break in a sub-day area until he freed one hand and began to bang his cuffs against the cell's glass window. After hearing the noise, Scott refastened the handcuff through the open space in the door. He then moved Linn to the front of the room, told him that his break was over, and prepared to return Linn to his cell. Suddenly, Linn grabbed Scott's keys, which were in his left hand. While they struggled for the keys, Linn pulled the key ring and Scott's left hand to his mouth and bit the deputy's thumb. According to Deputy Sheriff Kala Cherry who was assisting Scott, Scott screamed and immediately dropped the keys. A distress call was made, and the responding officers were eventually able to restrain Linn after putting him in the restraint chair. One of the responding officers testified that he saw blood on Scott's hand where Linn had bitten him.

Scott testified that the bite wound produced teeth marks around his left thumb knuckle and that his thumb was swollen and sore. He was taken to the emergency room, where Dr. Darren Flamik treated him and gave him a tetanus shot. Dr. Flamik testified that the skin was broken around Scott's thumb by the bite, in an abrasive-type wound, and that it looked like a tooth had caught the skin and had torn it. He advised Scott to watch for infection, due to the fact that a human bite is one of the worst types of bites in terms of the high incidence of infection. Also, due to the nature of the wound, Scott was told that he needed to be routinely tested for HIV and other diseases for up to one year. Scott testified that, more than one year after the incident, his thumb still had a visible mark from the bite.

After the State rested its case, Linn made a motion for a directed verdict, arguing that there was not enough evidence of a physical injury. The court denied the motion, and the defense rested without presenting any evidence. The jury then convicted Linn of second-degree battery and sentenced him to fifteen years' imprisonment.

■ Linn first argues that the trial court erred in declining to direct a verdict because the State did not prove that the victim suffered a physical injury. A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Farrelly v. State*, 70 Ark. App. 158, 15 S.W.3d 699 (2000). When reviewing a challenge to the sufficiency of the evidence, the appellate court will affirm the conviction if there is substantial evidence to support it, when viewed in the light most favorable to the State. *Id.* Substantial evidence, whether direct or circumstantial, is evidence that is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or another without resort to speculation or conjecture. *Id.*

■ Arkansas Code Annotated section 5-13-202(a)(4)(A) (Supp. 2001) provides that a person commits battery in the second degree if he "intentionally or knowingly, without legal justification, causes physical injury to one he knows to be . . . an employee of a correctional facility while such [employee] is acting in the line of duty[.]" "Physical injury" is "the impairment of physical condition, infliction of substantial pain, or infliction of bruising, swelling or visible marks associated with physical trauma[.]" Ark. Code Ann. § 5-1-102(14) (Supp. 2001). In determining whether a physical injury exists, a jury may consider the severity of the attack and the sensitivity of the area of the body to which the injury was inflicted. *Farrelly, supra.* A jury may also rely on its common knowledge, experiences, and observations in life in making such a determination. *Id.*

Linn asserts that the requirement of physical injury under the statute is not satisfied by just *any* bruising, swelling, or visible marks, but rather only those bruising, swelling, or visible marks that are *associated with physical trauma*. He argues that the word "trauma" carries a connotation of severity and thus that the minor scrape on Scott's hand in this case does not meet the definition of physical injury. However, we find that the bite wound in this case satisfies the requirement of physical injury.

■■ "Trauma" has been defined as "an injury (as a wound) to living tissue caused by an extrinsic agent," *Webster's Ninth New Collegiate Dictionary* 1256 (1991), and as "a bodily injury, wound, or shock." *Webster's New World Dictionary* 1423 (3d ed. 1994). These definitions do not require the severity suggested by Linn. Also, the definition of physical injury was amended in 1999

to make it easier for the State to prove physical injury by including the additional language of "infliction of bruising, swelling, or visible marks associated with physical trauma." *Conner v. State*, 75 Ark. App. 418, 58 S.W.3d 865 (2001). The court in *Conner* held that scratches and abrasions, as well as bruises that did not show up in the photographs, caused when the victim was dragged through and outside her house, were encompassed by the amended statutory definition of physical injury. *Id.*

■ In this case, the evidence showed that Deputy Scott was involved in a struggle with Linn for the keys to the jail when Linn grabbed his hand and bit it, causing Scott to immediately scream and drop the keys. The bite left teeth marks on Scott's thumb and caused it to bleed. Scott testified that he was in pain, that his thumb was swollen, and that he went to the emergency room. Dr. Flamik testified that the bite tore the skin and that he had to give Scott a tetanus shot. Dr. Flamik further testified that there was a high risk of infection and that Scott would have to be periodically tested for HIV and other diseases for one year after the incident. Scott also stated that he still has a visible mark on his hand from the bite by Linn. This evidence is sufficient to show that Scott suffered swelling or other visible marks associated with physical trauma under section 5-1-102(14).

In addition, the State contends that Linn's conviction may be affirmed on an alternative basis because the evidence was also sufficient to show that Scott sustained a physical injury caused by the infliction of substantial pain, which is another part of the definition of physical injury. However, we need not address this contention in light of our finding that there was substantial evidence to prove that the victim suffered a physical injury due to swelling or other visible marks associated with physical trauma, and the definition of physical injury is in the disjunctive. Thus, substantial evidence supports Linn's conviction for second-degree battery.

Linn next argues that he should be granted a new trial because he was denied "meaningful" and "adequate assistance" of counsel due to "a near-total lack of communication between him and his trial counsel" prior to the trial. He asserts that he did not receive adequate assistance sufficient to rise to the level of "counsel" as guaranteed by the United States and Arkansas Constitutions.

■ The State contends that Linn's argument is not preserved for appellate review because it was not raised or developed in the trial court. Appellate courts do not consider claims of ineffectiveness of counsel on direct appeal unless the trial court has previously considered the issue during the trial or in a motion for a new trial, and the facts surrounding the claim were fully developed in the trial court. *Willis v. State*, 334 Ark. 412, 977 S.W.2d 890 (1998).

■ ■ Linn did not object on the basis of ineffective assistance of counsel during the trial, nor did he raise the issue in a motion for a new trial. He did make a motion for a continuance to the trial court prior to the start of the trial, on the basis that he had not had enough time to consult with his counsel and to discuss his defense, which was denied by the court. He did not, however, raise the issue he now raises on appeal, which is that he was denied his constitutional right to counsel based on the lack of communication prior to trial. A party cannot change the grounds for an objection or argument on appeal, but is bound by the scope and nature of the arguments made at trial. *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000). Because Linn did not raise the argument he now makes on appeal to the trial court, it is not preserved for our review, and therefore, we do not address Linn's claim that he was denied adequate assistance of counsel.

Affirmed.

PITTMAN and ROBBINS, JJ., agree.