

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-203

JIMMY LOUIS MEDLOCK

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

Opinion Delivered   OCTOBER 30, 2013

APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT
[NO. CR-12-208-1]

HONORABLE JOHN HOMER WRIGHT, JUDGE

AFFIRMED

**BILL H. WALMSLEY, Judge**

Appellant Jimmy Medlock appeals his conviction for second-degree battery, challenging only the sufficiency of the evidence to support his conviction. We affirm.

Appellant was charged as a habitual offender with second-degree battery and was tried before a jury in the Garland County Circuit Court. Detective Mike Lydon of the Hot Springs Police Department testified that he responded to a possible stabbing at a gas station on March 27, 2012. Surveillance video from inside the gas station showed appellant aggressively approaching Igor Vuceta. Appellant had a clenched fist and was holding something in his right hand. Detective Lydon could not identify what the object was, however, and it was never located. Lydon said that Vuceta struck appellant first, and appellant then struck Vuceta three times.

Vuceta testified that appellant had been asking him for money and harassing his dog, which Vuceta had tied up outside the gas station. Vuceta said that he hit appellant first

SLIP OPINION

because he had warned him numerous times to leave him alone and he was afraid appellant was going to rob him. Vuceta said that the item in appellant's hand was sharp and pointy and looked kind of like a nail file. He said appellant lunged at him and hit him with it. Vuceta testified that he had three stab wounds and was hospitalized for two days for a punctured lung. He said the major injury was a two to two and one-half centimeters long stab wound, and he was left with a scar in this spot.

Jeremy Long, a paramedic who responded to the gas station, testified that Vuceta had a penetrating stab wound on his left side consistent with a sharp object entering his body. He also had superficial puncture wounds. Long said that Vuceta was pale, sweaty, very uncomfortable, had low blood pressure, and had a little trouble breathing. Long said that these symptoms indicated that Vuceta was either going into shock, bleeding internally, or suffering from a punctured lung.

Upon the State resting, appellant moved for a directed verdict. He argued that the State failed to prove that Vuceta's injury was caused by a deadly weapon. He claimed that because the object had not been identified, it could not meet the definition of a deadly weapon. Appellant also argued that a serious physical injury did not occur. The motion was denied. The defense offered no testimony or evidence, and the jury found appellant guilty. He was sentenced to fifteen years' imprisonment and filed a timely notice of appeal.

A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Farrelly v. State*, 70 Ark. App. 158, 15 S.W.3d 699 (2000). The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, which

SLIP OPINION

is evidence of such certainty and precision to compel a conclusion one way or another. *Id.* We review the evidence in the light most favorable to the appellee, considering only the testimony that tends to support the verdict. *Id.*

A person commits battery in the second degree if with the purpose of causing physical injury to another person, the person causes physical injury to any person by means of a deadly weapon other than a firearm. Ark. Code Ann. § 5-13-202(a)(2) (Supp. 2011). Arkansas Code Annotated section 5-1-102(4) (Supp. 2011) defines a deadly weapon as:

> (A) A firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious physical injury; or
>
> (B) Anything that in the manner of its use or intended use is capable of causing death or serious physical injury.

"Serious physical injury" means physical injury that creates a substantial risk of death or that causes protracted disfigurement, protracted impairment of health, or loss or protracted impairment of the function of any bodily member or organ. Ark. Code Ann. § 5-1-102(21).

Appellant argues that the unknown object he was alleged to have used in the stabbing cannot be classified as a deadly weapon because it could not be identified. The State argues that an object's status as a deadly weapon is not dependent upon whether it can be identified. The State asserts that Vuceta's testimony established that the object was capable of causing a serious physical injury and did, in fact, cause a serious physical injury—protracted disfigurement in the form of the scar on Vuceta's body.

We hold that the object here "in the manner of its use" was capable of causing death or serious physical injury. The statute does not require that the object be identifiable. The

SLIP OPINION

evidence established that the object was sharp, pointy, and capable of penetrating Vuceta's torso when stabbed at him and puncturing his lung. Thus, there was substantial evidence for the jury to find that the object as used was capable of causing serious physical injury.

Appellant does not dispute that Vuceta received physical injuries; instead, he argues that without proof of a deadly weapon, second-degree battery requires proof of serious physical injury. Because we affirm the jury's verdict that a deadly weapon was used, appellant's argument is without merit.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Laura Avery*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.