SLIP OPINION

Cite as 2015 Ark. App. 217

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–13–917

| | | |
|---|---|---|
| | | **Opinion Delivered** April 1, 2015 |
| OMAR GRIFFIS | APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION |
| V. | | [NO. CR-12-2714] |
| STATE OF ARKANSAS | APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | | AFFIRMED |

## WAYMOND M. BROWN, Judge

A Pulaski County jury found appellant Omar Griffis guilty of first–degree murder, and two counts of attempted first–degree murder. He was sentenced, with an enhancement for committing a felony with a firearm, to an aggregate term of 540 months' imprisonment. On appeal, appellant argues that the evidence was insufficient to support his convictions; that the trial court committed reversible error by preventing him from introducing direct evidence of his alleged accomplice's criminal history; and that the court committed reversible error by granting the State's motion in limine to prevent him from introducing circumstantial evidence of third–party liability. We affirm.[1]

---

[1]This is the second time this case has been before us. We originally ordered supplementation of the record and rebriefing. *Griffis v. State*, 2014 Ark. App. 571.

Appellant's first argument is that the evidence was insufficient to support his convictions. More specifically, he contends that there was no "in-court evidence that he is the person who shot Terry London or the other shooting victims." He also argues that "the circumstantial evidence introduced at trial was not sufficient to eliminate theories of culpability consistent with [his] innocence."

Appellant moved for a directed verdict at the conclusion of the State's case, stating, "There has been no credible evidence that Omar Griffis was in possession of a gun, and no scientific evidence to corroborate any of the other statements." He renewed his motion without putting on a defense. A motion for a directed verdict is a challenge to the sufficiency of the evidence.[2] The test for determining the sufficiency of the evidence is whether the verdict is supported by substantial evidence, which is evidence of such certainty and precision to compel a conclusion one way or another.[3] We review the evidence in the light most favorable to the appellee, considering only the testimony that tends to support the verdict.[4]

Rule 33.1(a) of the Arkansas Rules of Criminal Procedure requires a motion for directed verdict to state the specific grounds therefor.[5] A party is bound by the scope of the arguments made at trial and may not enlarge or change those grounds on appeal.[6] Here,

---

[2] *Farrelly v. State*, 70 Ark. App. 158, 15 S.W.3d 699 (2000).

[3] *Id.*

[4] *Id.*

[5] *See also Williams v. State*, 375 Ark. 132, 289 S.W.3d 97 (2008).

[6] *Id.*

SLIP OPINION

SLIP OPINION

appellant's directed-verdict motion was based on his possession of a firearm. Consequently, the only issue before us on appeal is the evidence of appellant being in possession of a gun.

Randy Goins testified that he was a visitor at 824 Allis Street on July 17, 2012, when a green Cadillac pulled in front of the residence. He stated that appellant got out of the back seat and pointed a gun to Brandon Reed's head. According to Goins, Reed hit appellant's hand, but the gun did not go off at that time. He stated that appellant began to shoot toward the carport. Richard Swain testified that he was home at 824 Allis Street on July 17, 2012. He said that Reed, Terry London, and Goins were also at the residence on that date. According to Swain, appellant came up in a Cadillac, got out of the back passenger door, and just started shooting. Swain stated that he was shot in the leg, left shoulder, and left thigh. Detective Tommy Hudson testified that he worked a homicide at 824 Allis Street the summer of 2012. He said that London was found deceased in the carport from a gunshot wound to the head. He stated that he subsequently developed appellant as the suspect.

Here, two eyewitnesses testified in court that appellant was the shooter, and their credibility was a matter for the jury to assess.[7] We hold that the testimony identifying appellant as the shooter, thereby placing a gun in his hands on the date in question, is sufficient evidence to support his convictions.

Appellant's second argument is that the trial court erred by preventing him from presenting the criminal history of his former codefendant, Marcus Simmons. According to appellant, this prevented him from presenting a full and complete defense that he was not the

---

[7]*Green v. State*, 2013 Ark. 497, 430 S.W.3d 729.

guilty party. The decision to admit or exclude evidence is within the sound discretion of the trial court, and we will not reverse that decision absent a manifest abuse of discretion.[8]

The State objected to appellant's reference to Simmons's criminal history during appellant's opening statements. When the State objected, appellant offered no reason why this evidence was necessary or relevant. Therefore, he is making this argument that he was prevented from presenting a full and complete defense for the first time on appeal. We will not consider issues on which the trial court has not had the opportunity to rule which are raised for the first time on appeal.[9]

Additionally, appellant failed to proffer the evidence that he contends was improperly excluded. To challenge a ruling excluding evidence, an appellant must proffer the excluded evidence so the appellate court can review the decision, unless the substance of the evidence is apparent from the context.[10] Appellant's failure to proffer the evidence he believed should have been introduced prevents our review.

Appellant's third argument is that the trial court erred in granting the State's motion in limine to prevent him from introducing circumstantial evidence of third–party liability.[11]

---

[8] *Boykins v. State*, 2013 Ark. App. 463.

[9] *Biggs v. State*, 2014 Ark. 114 (per curiam).

[10] *Brown v. State*, 2012 Ark. 399, 424 S.W.3d 288.

[11] Goins was in possession of a nine millimeter gun, which he had a permit to carry, while he was at the residence on Allis Street. He testified that once appellant began shooting, he fired two or three shots at appellant. Goins subsequently ran from the scene and was stopped about a block away. His gun and magazine were secured by police. His vehicle was towed and searched, and the search turned up another weapon and other magazines. All of the items were tested against the spent shells left at the crime scene and none were a match.

SLIP OPINION

SLIP OPINION

According to appellant, he should have been allowed to introduce evidence that Goins had an assault weapon in his car parked across the street from the crime scene. Appellant contends that this information would have allowed the jury to decide whether Goins had the "intent to shoot or cause the death of 'someone.'" Furthermore, appellant argues that because the evidence "presented at [his] trial was insufficient to eliminate Randy Goins as the person who accidently shot the victims in this case, the trial court abused its discretion in not allowing [him] to introduce circumstantial evidence related to Randy Goins'[s] 'third party guilt.'"

Appellant contends that Goins's possession of multiple weapons was relevant under *Zinger v. State*.[12] Under *Zinger*, evidence of a third party's guilt is admissible only if there is direct or circumstantial evidence linking the third person to the actual perpetration of the crime. Evidence which speaks solely to motive or opportunity is insufficient to create a reasonable doubt of the defendant's guilt.[13] Appellant did not make this *Zinger* argument to the trial court. Therefore, it is not preserved for appeal.

Even if the argument was preserved, we would affirm the trial court's decision to grant the State's motion to exclude the evidence. The excluded evidence did nothing more than attempt to offer a motive or opportunity for a third party to commit the murder. There was nothing in the excluded evidence that could have implicated Goins, either directly or

---

Initially thought to be a suspect, Goins became a witness. The murder weapon was never found.

[12]313 Ark. 70, 852 S.W.2d 320 (1993).

[13]*Id.*

circumstantially, in the murder of London or the shooting of the other two victims.

Affirmed.

GRUBER and WHITEAKER, JJ., agree.

*Danny R. Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.