
# SUPREME COURT OF ARKANSAS

No. CR–17–362

| | | |
|---|---|---|
| OMAR J. GRIFFIS | | **Opinion Delivered** August 3, 2017 |
| | PETITIONER | |
| | | PRO SE MOTION FOR BELATED |
| V. | | APPEAL [PULASKI COUNTY |
| | | CIRCUIT COURT, FOURTH |
| STATE OF ARKANSAS | | DIVISION, NO. 60CR-12-2714] |
| | RESPONDENT | |
| | | HONORABLE HERBERT T. |
| | | WRIGHT, JR., JUDGE |
| | | |
| | | <u>MOTION DENIED</u>. |

**SHAWN A. WOMACK, Associate Justice**

Petitioner Omar J. Griffis filed a pro se motion in this court in which he seeks permission to proceed with a belated appeal of an order denying a motion for reconsideration of the denial of a postconviction petition that alleged multiple grounds for relief. Because Griffis fails to establish good cause for his failure to file a timely notice of appeal, we deny the motion for belated appeal.

The judgment reflecting Griffis's convictions for first-degree murder and attempt to commit first-degree murder was affirmed by the Arkansas Court of Appeals. *Griffis v. State*, 2015 Ark. App. 217, 465 S.W.3d 431. More than a year after the mandate issued, Griffis filed a pro se petition in the trial court in which he sought postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2016). In the same petition, Griffis requested a writ of error coram nobis, a writ of habeas corpus, sought relief from a sentence imposed in an illegal manner under Arkansas Code Annotated section 16-90-111 (Repl. 2016),

 

requested joinder of his claims, and indicated a desire to notify the court of "fraud/fraudulent practices."

The trial court denied the petition by order entered on August 30, 2016, and on October 18, 2016, Griffis filed his motion for reconsideration. On November 2, 2016, the trial court entered an order that denied the motion for reconsideration, and Griffis filed a notice of appeal on December 8, 2016. When the record on appeal was tendered to this court, our clerk declined to lodge it because the notice of appeal was late. Griffis then filed the instant motion.

Under Arkansas Rule of Appellate Procedure–Criminal 2(a) (2016), Griffis was required to file his notice of appeal within thirty days of the date of the entry of the order he sought to appeal. The deadline for filing the notice for an appeal of the November 2, 2016 order denying the motion for reconsideration, the latest order in the record, fell on Friday, December 2, 2016.

This court may act on and decide a case in which the notice of appeal was not filed in the time prescribed when a good reason for the omission is shown. Ark. R. App. P. – Crim. 2(e). If the notice of appeal was filed late, a motion to proceed with the appeal is properly treated as one for belated appeal. *McDonald v. State*, 356 Ark. 106, 146 S.W.3d 883 (2004). The burden is on the petitioner to establish good cause for the failure to comply with proper procedure. *See Dodson v. Norris*, 374 Ark. 501, 288 S.W.3d 662 (2008) (noting that a party has the right to argue that there is good cause for a failure to timely perfect an appeal and that this court then has the discretion to allow a belated appeal to go forward).

SLIP OPINION

In his motion for belated appeal, Griffis alleges the delay should be excused because he placed the notice of appeal in the prison mail system "between <u>Tuesday, November 29, 2016</u> and <u>Wednesday, November 30, 2016</u>," even though the notice was not file-marked by the circuit clerk until eight days later. The duty to conform to Rule 2 applies unless the petitioner demonstrates good cause for not conforming. Ark. R. App. P.–Crim. 2(e); *Marshall v. State*, 2017 Ark. 208.

Griffis's notice of appeal did not comply with the conditions set forth in Rule 2(b)(3) for application of the prison mailbox rule, because the notice did not include a notarized statement in compliance with Rule 2(b)(3)(iv). More importantly, Griffis's claim in the motion for belated appeal that he placed the notice in the mail in November is belied by information contained in the record. Griffis's signature on the notice was notarized with the indication that it was sworn on December 5, 2016. In addition, the record includes a cover letter for the notice, addressed to the circuit clerk and signed by Griffis, indicating that the date it had been mailed was December 6, 2016. Griffis fails to demonstrate that he mailed the notice of appeal prior to the deadline for filing as he claims, and he therefore fails to demonstrate good cause to excuse the procedural default.

Motion denied.