Cite as 2023 Ark. App. 394

# ARKANSAS COURT OF APPEALS
DIVISION II
No. CR-22-782

| | |
|---|---|
| CORIE HARE | Opinion Delivered September 20, 2023 |
| APPELLANT | |
| | APPEAL FROM THE FAULKNER |
| | COUNTY CIRCUIT COURT |
| V. | [NO. 23CR-21-793] |
| | |
| | HONORABLE CHARLES E. |
| STATE OF ARKANSAS | CLAWSON III, JUDGE |
| APPELLEE | |
| | AFFIRMED |

**CINDY GRACE THYER, Judge**

Appellant Corie Hare was convicted by a Faulkner County jury of one count each of

residential burglary, criminal trespass, and second-degree battery and was sentenced to a total

of six years in the Arkansas Department of Correction.[1] On appeal, Hare challenges the

sufficiency of the evidence supporting his convictions for residential burglary and second-

degree battery. We find no error and affirm.

I. *Factual and Procedural Background*

On July 26, 2021, Hare and several friends decided to "trip a little bit of shrooms,"

or consume some hallucinogenic mushrooms. After smoking "a little bit of marijuana" first,

the group split eight ounces of mushrooms among the three of them.  Although Hare's

---

[1]The jury acquitted Hare on charges of attempted rape and third-degree battery, and
the State nolle prossed two counts of breaking or entering.

friends testified that the experience started out positive, Hare started "kinda freaking out." He came outside wearing nothing but his socks and took off running through the neighborhood.

Several blocks away, at 2 Tumblewood Drive, Hare encountered Mauri Jones, who was sitting in her garage smoking a cigarette. According to Jones, she saw a naked man, later identified as Hare, coming up her driveway wearing only socks. When he got close to her, he "hauled off and hit" her, knocking her through the garage door and onto her deck. Hare straddled her head, continued to hit her in the face, and repeatedly told her to "put [his] dick in [her] mouth." Jones's daughter, Kelsey McEwen, also lived at 2 Tumblewood and was alerted to the fracas by her oldest son, who told her "there was a naked man on top of [Jones], hitting her and was trying to put his penis in her mouth." McEwen retrieved her gun and fired it twice at Hare, who briefly entered the house but eventually left. Video from Jones's security camera showing the incident was played for the jury at trial.

Jones was treated at the emergency room at Baptist Health in Conway, where she was diagnosed with a 2.2-centimeter laceration on the left side of her nose, a closed fracture of her nasal bone, and hematoma and edema on the left nasal maxillary soft tissues. At the time of Hare's trial, Jones still bore a scar on her face and continued to suffer from numbness and tenderness in her nose.[2]

---

[2]After leaving Jones's home, Hare continued to 6 Tumblewood, where he had a violent encounter with Amy Henigan. Because Hare's appeal challenges the sufficiency of the evidence regarding his assault only on Mauri Jones, however, we do not address the facts of this incident.

At the conclusion of the State's case and again at the conclusion of all the evidence, Hare moved for a directed verdict on the charges of residential burglary and second-degree battery against Jones. The court denied the motions, and as noted above, the jury convicted him on both of those offenses as well as criminal trespass. The sentencing order was entered on September 9, 2022, and Hare filed a timely notice of appeal. On appeal, Hare challenges the sufficiency of the evidence supporting his residential-burglary and second-degree-battery convictions.

II. *Standard of Review*

In reviewing a challenge to the sufficiency of the evidence, this court determines whether the verdict is supported by substantial evidence, direct or circumstantial. *Anderson v. State*, 2011 Ark. 461, 385 S.W.3d 214. Substantial evidence is evidence forceful enough to compel a conclusion one way or the other beyond suspicion or conjecture. *Camp v. State*, 2011 Ark. 155, 381 S.W.3d 11. On appeal, we review the evidence in the light most favorable to the State and consider only the evidence that supports the verdict. *Baker v. State*, 2021 Ark. App. 117, 618 S.W.3d 462.

III. *Residential Burglary*

In his first argument on appeal, Hare challenges the sufficiency of the evidence supporting his conviction for residential burglary. A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in the residential occupiable structure any offense punishable by imprisonment. Ark. Code Ann. § 5-39-201(a)(1) (Supp. 2023). A "residential

3

occupiable structure" means a vehicle, building, or other structure in which any person lives or that is customarily used for overnight accommodation of a person whether or not a person is actually present. Ark. Code Ann. § 5-39-101(9)(A) (Supp. 2023). Hare contends that the evidence failed to show that he entered a "residential occupiable structure."

Hare's argument is not preserved for our review. At trial, Hare moved for a directed verdict on the ground that there was "no proof of intent to commit a crime while inside the residence [because] [i]ntent cannot be presumed from the mere showing of an illegal entry." Before this court, however, Hare argues that the evidence was insufficient to support his conviction for residential burglary because his attack on Jones took place in the garage, not inside the residence, and thus there was no proof that he entered or remained inside a "residential occupiable structure."

"In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor." Ark. R. Crim. P. 33.1(a) (2021). Arkansas courts construe Rule 33.1 strictly. *Blanton v. State*, 2022 Ark. App. 44, at 2. Likewise, an appellant is bound by the scope and nature of his directed-verdict motion and cannot change his argument on appeal. *Baker v. State*, 2022 Ark. App. 392, 654 S.W.3d 351; *Griffis v. State*, 2015 Ark. App. 217, 465 S.W.3d 431. Hare has changed his argument on appeal, and we therefore do not consider it.[3]

---

[3]Even if the argument were preserved, it would be without merit. As noted above, Hare argues that he could not be convicted of residential burglary because a "garage" is not

4

IV. *Second-Degree Battery*

In his second point on appeal, Hare challenges his conviction for second-degree battery. A person commits second-degree battery if, with the purpose of causing physical injury to another person, the person causes serious physical injury to another person. "A person acts purposely with respect to his or her conduct or a result of his or her conduct when it is the person's conscious object to engage in conduct of that nature or to cause the result[.]" Ark. Code Ann. § 5-2-202(1) (Repl. 2013).

Hare argues that his conviction cannot stand because there was insufficient evidence that he possessed the requisite purpose to cause physical injury to Mauri Jones. He contends that the evidence was "clear that [he] was under the intoxicating effects of psilocybin mushrooms at the time of the charged acts" and that the witnesses who testified on his behalf agreed that he "did not appear to be in his right mind on the night in question."

---

a "residential occupiable structure." This court, however, has rejected precisely this argument in *Horton v. State*, 2014 Ark. App. 250, wherein we held that a garage falls within the definition of "residential occupiable structure" because it is a building or structure that the victim was using at the time of the attack and that was "functionally interconnected with, and immediately contiguous to the main structure" in which the victim lived. *Id.* at 5–6. The court concluded that the victim's attached garage was "a place where people are likely to be" and thus satisfied the statutory definition. *Id.* at 6.

Here, Jones testified that she was sitting against the back wall of her garage and that Hare had walked half the length of the garage when he began hitting her. She also noted that when her daughter opened the door to the garage, Hare was able to walk into the kitchen. The garage was thus apparently attached to the house and was "interconnected with" and "immediately contiguous" to the main part of the home. It therefore met the definition of "residential occupiable structure." Hare's argument, were it properly before us, would not compel reversal.

Hare's argument is without merit. While the intent to commit a crime can rarely be proved by direct evidence, it can be inferred from the circumstances of the crime, *McCray v. State*, 2020 Ark. 172, 598 S.W.3d 509, including the nature and extent of the victim's injuries. *Reynolds v. State*, 2020 Ark. 174, 599 S.W.3d 120. A person is presumed to intend the natural and probable consequences of his or her actions, *Crawford v. State*, 2022 Ark. App. 214, and jurors can draw upon their common knowledge and experience to infer intent from the circumstances. *Allen v. State*, 2022 Ark. App. 110, 640 S.W.3d 446. Moreover, although Hare cites evidence that he was under the influence of hallucinogenic mushrooms, it is well established that voluntary intoxication does not negate criminal intent, *see* Ark. Code Ann. § 5-2-207 (Repl. 2013), and the jury in this case was instructed that "voluntary intoxication is not a defense to any criminal offense in Arkansas."

Here, the jury heard Jones's testimony that Hare knocked her to the ground, straddled her body, and repeatedly struck her in the face, fracturing her nose. S*ee Holmes v. State*, 288 Ark. 72, 702 S.W.3d 18 (1986) (holding that defendant's striking victim twice in the face with his fist was sufficient evidence of an intent to cause physical injury). In addition, the State introduced security-camera footage that showed the assault, so the jury was able to gauge for itself what Hare's intent appeared to be at the time of the battery. Viewing the evidence in the light most favorable to the State, as we must, we cannot agree with Hare's argument that there was insufficient evidence of his intent. Therefore, we affirm his conviction for second-degree battery.

Affirmed.

BARRETT and WOOD, JJ., agree.

*Lassiter & Cassinelli*, by: *Michael Kiel Kaiser*, for appellant.

*Tim Griffin*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.